[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 544.]

CLEVELAND BAR ASSOCIATION *v.* CICIRELLA.

[Cite as *Cleveland Bar Assn. v. Cicirella*, 1999-Ohio-194.]

*Attorneys at law—Misconduct—Two-year suspension with one year of sanction stayed and attorney ordered to pay $1,000 to client—Handling a legal matter without adequate preparation—Neglecting an entrusted legal matter—Failing to cooperate in disciplinary investigation.*

(No. 99-834—Submitted June 22, 1999—Decided September 8, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-44.

––––––––––––––

{¶ 1} In 1995, Joseph and Linda Bowen sued Paul and Alana Shaffer with respect to the sale of a house. The Shaffers retained respondent, Leonette F. Cicirella of Bedford, Ohio, Attorney Registration No. 0042219, who advised them to file a counterclaim alleging that the Bowens had harassed them.

{¶ 2} In October 1996, respondent informed the Shaffers that their case had been referred for arbitration. Although respondent instructed the Shaffers to make copies of evidence to substantiate their harassment claim at the arbitration proceeding, she did not present any evidence or argument to support the Shaffers' counterclaim and did not object to new issues raised by the Bowens that were not part of their original complaint.

{¶ 3} In November 1996, the common pleas court entered judgment in favor of the Bowens in the amount of $1,000 and also ruled against the Shaffers on their counterclaim. Despite the Shaffers' repeated telephone messages inquiring about the case, respondent never informed them of the arbitration award or the judgment entered on the award. In 1997, the Shaffers contacted the court and were notified of the judgment and that the time for appeal had expired.

**{¶ 4}** The Shaffers then filed a grievance against respondent with relator, Cleveland Bar Association. Respondent failed to respond to relator's investigative inquiries, and although she on one occasion promised to file a response, she did not do so.

**{¶ 5}** On August 10, 1998, relator filed a complaint charging the respondent with violating two Disciplinary Rules and a Rule for the Government of the Bar. After respondent failed to file an answer, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for default judgment.

**{¶ 6}** The panel found the facts as previously set forth, and concluded that respondent's conduct violated DR 6-101(A)(2) (handling a legal matter without adequate preparation), 6-101(A)(3) (neglecting an entrusted legal matter), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation). The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings and conclusions of the panel, but recommended that, based on the fact that only a single matter was involved, respondent be suspended from the practice of law in Ohio for two years, with one year stayed and that respondent pay $1,000 to the Shaffers.

––––––––––––––

*Porter, Wright, Morris & Arthur* and *Daniel F. Gourash; Van Aken, Withers & Webster* and *Kevin L. Starrett*, for relator.

––––––––––––––

**Per Curiam.**

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board. Although an indefinite suspension is generally warranted when a pattern of neglecting legal matters is coupled with a failure to cooperate in the ensuing disciplinary investigation, there is no such pattern of neglect related to multiple clients here. See *Cleveland Bar Assn. v. Rollins* (1999), 84 Ohio St.3d 408, 704

N.E.2d 1210.  The board was justified in relying on the lack of such pattern to impose a lesser sanction.  Respondent is hereby suspended from the practice of law in Ohio for two years, with one year stayed, and she is ordered to pay $1,000 to the Shaffers.  Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____