**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 325.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* BOULGER.

[Cite as *Disciplinary Counsel v. Boulger*, 2000-Ohio-347.]

*Attorneys at law—Misconduct—Six-month suspension with entire suspension stayed—Engaging in conduct adversely reflecting on fitness to practice law—Neglecting an entrusted legal matter—Failing to carry out employment contract.*

(No. 99-2241—Submitted February 9, 2000—Decided March 29, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-02.

————————————

{¶ 1} On February 8, 1999, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, James Thomas Boulger of Chillicothe, Ohio, Attorney Registration No. 0033873, with violating several Disciplinary Rules and a Rule for the Government of the Bar. After respondent filed an answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on the stipulations of the parties and the testimony of respondent.

{¶ 2} The panel found that in late 1993, Michael D. Maxey retained respondent to represent him in a personal-injury matter arising from an automobile accident. Although respondent frequently did not return Maxey's telephone calls, he filed a complaint on behalf of Maxey before the statute of limitations expired. Respondent failed to timely respond to repeated attempts by the insurer of the other vehicle to communicate with him and failed to file answers to interrogatories. In August 1996, after opposing counsel filed a motion to compel compliance with the discovery rules, respondent dismissed the case without informing Maxey. Respondent did not protect Maxey's rights by refiling the case during the year

following the dismissal. Maxey later discovered that his case had been dismissed after consulting another attorney in October 1997. Respondent admitted neglecting the suit and failing to protect Maxey's interests, and attributed his neglect to the demands of his criminal law practice, which included an average of thirty to forty jury trials per year.

{¶ 3} The panel further found that respondent had failed to answer relator's letters of inquiry regarding a grievance filed by Michael Maxey and grievances filed by three other clients.

{¶ 4} The panel concluded that respondent's conduct violated DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), and 7-101(A)(2) (failing to carry out an employment contract), and Gov.Bar R. V(4)(G) (failing to cooperate with disciplinary investigation).

{¶ 5} In mitigation, the panel found that respondent eventually cooperated with relator and entered into stipulations on the facts, violations, and recommended sanction. Respondent also lacked a prior record of violating Disciplinary Rules,[1] did not exhibit any dishonest or selfish motive in neglecting the Maxey matter, and showed remorse for his actions. In addition, respondent testified at the hearing before the panel that in order to rectify some of the factors that contributed to his neglect, he had limited his civil law practice.

{¶ 6} The panel recommended that respondent be suspended from the practice of law in Ohio for six months, with the entire suspension stayed. The board adopted the findings, conclusions, and recommendation of the panel.

───────────────

1. Respondent had, however, been previously suspended from the practice of law in Ohio for failing to comply with the continuing legal education requirements of Gov.Bar R. X, and he was subsequently reinstated. *In re Report of the Comm. on Continuing Legal Edn. v. Boulger* (1997), 79 Ohio St.3d 1410, 679 N.E.2d 726.

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kevin L. Williams*, Assistant Disciplinary Counsel, for relator.

*James T. Boulger, pro se*.

_____

*Per Curiam.*

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board. "Although an indefinite suspension is [normally] warranted when a pattern of neglecting legal matters is coupled with a failure to cooperate in the ensuing disciplinary investigation, there is no pattern of neglect related to multiple clients here." *Cleveland Bar Assn. v. Cicirella* (1999), 86 Ohio St.3d 544, 545, 715 N.E.2d 1131, 1132. Given respondent's lack of a prior disciplinary record, absence of a dishonest or selfish motive related to his neglect, relatively isolated nature of his neglect, eventual cooperation in the disciplinary proceedings, and remorse, a less severe sanction is appropriate. See, *e.g.*, *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 321-322, 720 N.E.2d 525, 529-530, fn. 1 and 2, and Board of Commissioners on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Section 10, Guidelines for Imposing Lawyer Sanctions, Ohio Official Reports, Nov. 22, 1999 Advance Sheets xli, xliv-xlv, setting forth appropriate mitigating factors to consider in imposing sanctions. Respondent is hereby suspended from the practice of law in Ohio for six months with the entire suspension stayed. Costs taxed to respondent.

*Judgment accordingly*.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., concurs in part and dissents in part.

_____

**MOYER, C.J., concurring in part and dissenting in part.**

{¶ 8} I concur in the order that suspends respondent from the practice of law for six months.  To the extent that our order stays the suspension, I dissent.

_____