OFFICE OF DISCIPLINARY COUNSEL *v.* BOULGER.

[Cite as *Disciplinary Counsel v. Boulger* (2000), 88 Ohio St.3d 325.]

326

(No. 99–2241—Submitted February 9, 2000—Decided March 29, 2000.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Kevin L. Williams,* Assistant Disciplinary Counsel, for relator.

*James T. Boulger, pro se.*

**Per Curiam.** We adopt the findings, conclusions, and recommendation of the board. "Although an indefinite suspension is [normally] warranted when a pattern of neglecting legal matters is coupled with a failure to cooperate in the ensuing disciplinary investigation, there is no pattern of neglect related to multiple clients here." *Cleveland Bar Assn. v. Cicirella* (1999), 86 Ohio St.3d 544, 545, 715 N.E.2d 1131, 1132. Given respondent's lack of a prior disciplinary record, absence of a dishonest or selfish motive related to his neglect, relatively isolated nature of his neglect, eventual cooperation in the disciplinary proceedings, and remorse, a less severe sanction is appropriate. See, *e.g., Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 321–322, 720 N.E.2d 525, 529–530, fn. 1 and 2, and Board of Commissioners on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Section 10, Guidelines for Imposing Lawyer Sanctions, Ohio Official Reports, Nov. 22, 1999 Advance Sheets xli, xliv-xlv, setting forth appropriate mitigating factors to consider in imposing sanctions. Respondent is hereby suspended from the practice of law in Ohio for six months with the entire suspension stayed. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., concurs in part and dissents in part.

MOYER, C.J., concurring in part and dissenting in part. I concur in the order that suspends respondent from the practice of law for six months. To the extent that our order stays the suspension, I dissent.