**[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 470.]**

DAYTON BAR ASSOCIATION *v.* GRAHAM.

[Cite as *Dayton Bar Assn. v. Graham,* 2002-Ohio-4910.]

*Attorneys at law—Misconduct—One-year suspension with entire sanction stayed on conditions—Failing to cooperate in disciplinary process—Failing to communicate to a client attorney's professional misgivings about pursuing the client's employment-related claims and then not filing an action the client anticipated.*

(No. 2002-0699—Submitted June 5, 2002—Decided October 2, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-64.

———————————

**Per Curiam.**

{¶1} This case requires us to decide the sanction for an attorney who does not communicate to a client her professional misgivings about pursuing the client's employment-related claims and then does not file an action the client anticipated. The Board of Commissioners on Grievances and Discipline found that respondent, V. Ellen Graham of Dayton, Ohio, Attorney Registration No. 0030454, committed this misconduct and thereby violated DR 6-101(A)(3) (neglect) and 7-101(A)(2) (failure to carry out a contract for professional services). Considering these infractions and respondent's failure to cooperate during the disciplinary process, the board recommended that respondent be suspended from the practice of law in Ohio for one year, with nine months of this sanction to be stayed on conditions. We agree that respondent violated DR 6-101(A)(3) and 7-101(A)(2), but we find a one-year suspension, stayed in its entirety, the more appropriate sanction.

{¶2} In November 1996, Ilona Owens engaged respondent to represent her in various claims against her employer and the company's vice-president. Prior to

this engagement, Owens, in addition to some of her coworkers, had complained to their employer about the vice-president's sexual harassment and other improper conduct, and the employer had investigated and sent Owens written apologies. Unsatisfied with this resolution, Owens contacted respondent to explore further legal remedies.

{¶3} In the succeeding months, respondent met with Owens a number of times and spoke with Owens over the telephone on occasion. In time, respondent advised Owens's employer of her representation and offered a settlement demand of $1 million. When respondent received no response, she filed suit in May 1997 against the corporate employer and the vice-president, in his individual capacity, for sexual harassment, negligent failure to provide a safe workplace, and infliction of emotional distress.

{¶4} Respondent's opposing counsel moved to dismiss the action on the grounds that Owens's remedies were limited to arbitration procedures under a collective-bargaining agreement. The motion to dismiss was granted as to the employer company, and respondent approved as to form a dismissal entry that also allowed Owens to pursue a grievance to arbitration and to continue her cause against the vice-president within 21 days by the filing of an amended complaint.

{¶5} Respondent did not appeal the judgment of dismissal, nor did she file the amended complaint against the vice-president. Respondent did not file the appeal because she was convinced through research that Owens was obligated to pursue arbitration and that this process would likely resolve the matter to Owens's satisfaction. Respondent did not file the amended complaint because she thought that it would be difficult to collect any damages from the vice-president and that Owens was not really interested in pursuing him as a defendant. Respondent explained her professional misgivings about the appeal to Owens; however, she failed to explain to Owens her opinion on the futility of legal action against the

vice-president and to tell Owens that she did not intend to file the amended complaint. Thereafter, the statute of limitations for Owens's action elapsed.

{¶6} Owens later pursued on her own other actions against her employer based on charges of retaliation, failure to accommodate a disability, and unfair labor practices. And with the help of her union, she settled a grievance stemming from her eventual discharge. She also filed a grievance concerning respondent's representation with relator, Dayton Bar Association.

{¶7} Relator investigated the grievance and, on June 11, 2001, initiated proceedings claiming that respondent had violated the Code of Professional Responsibility. A panel of the board heard the cause and found the facts as stated. While respondent claimed that she had explained to Owens her reasons for not filing an amended complaint against the vice-president, the panel credited Owens, who testified that respondent had not explained them to her. The panel found that respondent had thereby violated DR 6-101(A)(3) and 7-101(A)(2).

{¶8} After considering evidence that respondent had complied with relator's requests for discovery, but not in a timely manner, the panel further found, as an aggravating factor, that respondent had not cooperated in the disciplinary process. In mitigation, the panel found that respondent had no prior disciplinary record, had not taken fees from Owens or acted with dishonesty or a selfish motive, and had expressed remorse for her misconduct. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The panel recommended that respondent be suspended from the practice of law for one year, but that nine months of this sanction be stayed on the conditions that she have no further disciplinary actions brought against her and remain current with continuing legal education requirements. The board adopted the panel's findings and recommendation.

{¶9} We agree with the board's findings of misconduct and recommendation, but with some modification. In the past, an attorney's "lack of a

prior disciplinary record, absence of a dishonest or selfish motive related to his neglect, relatively isolated nature of his neglect, eventual cooperation in the disciplinary proceedings, and remorse" have persuaded us to stay the entire suspension for an attorney's failure to adequately represent a single client. *Disciplinary Counsel v. Boulger* (2000), 88 Ohio St.3d 325, 327, 725 N.E.2d 1112. As this case presents the same mitigating factors, we will also stay the recommended suspension here in its entirety. Respondent is therefore suspended from the practice of law in Ohio for one year, but this sanction is stayed on the conditions that she have no further disciplinary actions brought against her and remain current with continuing legal education requirements. Costs are taxed to respondent.

Judgment accordingly.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., dissents and would suspend respondent for one year without stay.

COOK and LUNDBERG STRATTON, JJ., dissent.

––––––––––––––––

**Cook, J., dissenting.**

**{¶10}** This case features conduct and mitigating circumstances that are similar to those that were present in *Disciplinary Counsel v. Boulger* (2000), 88 Ohio St.3d 325, 725 N.E.2d 1112. I would therefore impose the same sanction as this court imposed in *Boulger* — a six-month suspension stayed in its entirety.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

––––––––––––––––

Diane L. Gentile and John F. Kolberg, for relator.

V. Ellen Graham, pro se.

––––––––––––––––