OFFICE OF DISCIPLINARY COUNSEL *v.* SHRAMEK.

[Cite as *Disciplinary Counsel v. Shramek,*
98 Ohio St.3d 441, 2003-Ohio-1636.]

(No. 2002–2180—Submitted February 12, 2003—Decided April 16, 2003.)

---

**Per Curiam.**

{¶ 1} Respondent, William Shramek of Webster, New York, Attorney Registration No. 0059936, represented a client in a products-liability case in federal district court resulting from the client's loss of two fingers while operating a decoiler. During his representation, respondent failed to timely file an expert

report, move for an extension of time to file an expert report, respond to the defendant's motion to strike the expert or prevent him from testifying, or provide evidentiary support for his brief in opposition to defendant's motion for summary judgment. Because of respondent's conduct, the court granted defendant's motion for summary judgment.

{¶ 2} Respondent informed the client about the court's judgment, but respondent did not advise the client of the court's reasons for the judgment. In November 1998, as a result of respondent's misconduct, the law firm he worked for fired him.

{¶ 3} In January 2000, the client filed a legal malpractice action in common pleas court against the law firm and respondent. In October 2000, the case was settled, and the client received $85,000 from the firm's insurance carrier.

{¶ 4} In April and May 2001, relator Disciplinary Counsel sent respondent two letters of inquiry. Respondent received the letters, but he did not respond. In June 2001, relator sent a subpoena to respondent ordering his appearance at a deposition. Respondent received the subpoena, but he did not appear for the deposition.

{¶ 5} On February 4, 2002, relator filed a complaint charging respondent with having violated several Disciplinary Rules and a Rule for the Government of the Bar. The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on the stipulations, exhibits, and supplemental information submitted by the parties.

{¶ 6} The panel found the facts as stipulated and also agreed with the stipulation that respondent's conduct violated DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1–102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), 6–101(A)(3) (neglecting an entrusted legal matter), 7–101(A)(3) (prejudicing or damaging client during the course of representation), and Gov.Bar R. V(4)(G) (failing to cooperate in disciplinary investigation).

{¶ 7} In mitigation, the panel noted that after respondent's initial failure to cooperate in the disciplinary investigation, he fully cooperated with relator. Furthermore, respondent had no previous disciplinary record, and he lacked a dishonest or selfish motive. Finally, the panel found that respondent expressed sincere remorse for his behavior and that the client had been made whole through the malpractice settlement.

{¶ 8} The panel recommended that respondent be suspended from the practice of law in Ohio for one year, with six months of the suspension stayed, provided that respondent refrain from any acts in violation of the Code of Professional Responsibility and that he pay the costs of the disciplinary proceed-

ing. The parties had recommended a comparable sanction. The board adopted the findings, conclusions, and recommendation of the panel. The board further recommended that the costs of the proceeding be taxed to respondent.

{¶ 9} We adopt the board's findings and conclusions. In determining the appropriate sanction, we note that respondent violated duties to his clients, DR 6–101(A)(3) and 7–101(A)(3), the public, DR 1–102(A)(5), the legal system, DR 1–102(A)(6), and the legal profession, Gov.Bar R. V(4)(G). See, e.g., *Disciplinary Counsel v. Connors*, 97 Ohio St.3d 479, 2002-Ohio-6722, 780 N.E.2d 567, ¶ 17. And respondent's misconduct harmed his client by allowing an adverse judgment to be entered against him in the products-liability case.

{¶ 10} Nevertheless, mitigating factors include respondent's lack of a prior disciplinary record, his absence of a dishonest or selfish motive, and his eventual full cooperation in the disciplinary proceedings. See BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). In addition, the client ultimately received compensation for respondent's misconduct through his malpractice suit.

{¶ 11} Based on the foregoing, the suspension and partial stay recommended by the board are appropriate. Cf., e.g., *Columbus Bar Assn. v. Farkas* (2002), 94 Ohio St.3d 419, 763 N.E.2d 1158, where we imposed a two-year suspension with one year stayed on various conditions for attorney misconduct that included violations of DR 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), and 7–101(A)(3).

{¶ 12} We further note that in January 2002, we imposed a sanction of $460 against respondent for noncompliance with the attorney continuing legal education requirements of Gov.Bar R. X for the 1999–2000 reporting period. *In re Report of Comm. on Continuing Legal Edn.* (2002), 94 Ohio St.3d 1437, 1440, 761 N.E.2d 627.

{¶ 13} Therefore, respondent is hereby suspended from the practice of law in Ohio for one year, with six months of the suspension stayed on the conditions that respondent refrain from any acts in violation of the Code of Professional Responsibility, that respondent pay the costs of these disciplinary proceedings, and that respondent pay the previously imposed sanction for his noncompliance with Gov.Bar R. X. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.

William Shramek, pro se.