Columbus Bar Association *v.* Albrecht.

[Cite as *Columbus Bar Assn. v. Albrecht,*
106 Ohio St.3d 301, 2005-Ohio-4984.]

(No. 2005–0350—Submitted March 30, 2005—Decided October 5, 2005.)

**Per Curiam.**

{¶ 1} Respondent, Geoffrey E. Albrecht, of Columbus, Ohio, Attorney Registration No. 0029648, was admitted to the Ohio bar in 1975.

{¶ 2} On December 27, 2004, relator, Columbus Bar Association, filed an amended complaint charging respondent with four counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline held a hearing and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

### Misconduct

#### *Count One*

{¶ 3} By adopting the stipulations signed by the parties, the board found that respondent had agreed to represent Dave Fox Remodeling, Inc. ("Fox") in April 2002 and accepted a $450 retainer fee. After respondent failed to complete the client's work and failed to reply to the client's repeated inquiries, however, Fox's accountant, Wendy Roahrig, demanded in February 2003 that respondent refund the fee. Roahrig's letter to respondent noted that her company had been forced to retain other counsel to complete the work that respondent was to have done.

{¶ 4} When no refund was forthcoming from respondent, Fox filed a complaint in April 2003 with the Better Business Bureau describing respondent's failure to perform the work that he had promised and his failure to return the unearned retainer. Although notified of the complaint, respondent still did not return the fee.

{¶ 5} In July 2003, Fox filed a grievance against respondent with relator, and relator sent letters to respondent in July and August of that year notifying him of the grievance. Finally, in October 2003—18 months after Fox had hired him—respondent returned the $450 retainer without interest.

{¶ 6} Respondent admitted and the board found that he had violated DR 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law), 6–101(A)(1) (prohibiting a lawyer from accepting a case that the lawyer is not competent to handle), 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), 7–101(A)(1) (requiring an attorney to seek the client's lawful objective through reasonable and lawful means), 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract for professional employment), and 7–101(A)(3) (barring an attorney from intentionally prejudicing or damaging a client during the course of the professional relationship).

## Count Two

{¶ 7} While representing Fox, respondent did not maintain professional-liability insurance coverage and did not notify Fox of that fact.

{¶ 8} Respondent admitted and the board found that he had thereby violated DR 1–104(A) (requiring an attorney who does not maintain adequate professional-liability insurance to so advise his or her clients in writing).

## Count Three

{¶ 9} Respondent was named executor of the estate and trustee for a testamentary trust established in 1985 by Stephen P. Haban for the benefit of various family members. As trustee, respondent was required by the terms of the trust to "account annually to each competent adult beneficiary" of the trust and others. He received fees periodically from the trust as compensation for his work as a trustee.

{¶ 10} Respondent repeatedly failed to provide annual accountings of the trust as requested by the trust's investment advisers. He also neglected to file a timely annual tax return for the trust in 1998, and consequently the trust was forced to pay more than $16,000 in penalties and interest charges.

{¶ 11} Respondent admitted and the board found that he had violated DR 1–102(A)(6), 6–101(A)(1), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3). The board also found that respondent had violated DR 9–102(B)(3) (requiring an attorney to account for a client's funds and property).

## Count Four

{¶ 12} Respondent represented Terry L. Holtrey in divorce proceedings in 2002 and 2003. Holtrey paid respondent over $6,000 in fees. Respondent failed to file documents necessary to secure child support for his client, and this failure resulted in the loss of 12 months of child-support payments to which Holtrey would have been entitled.

{¶ 13} Respondent admitted and the board found that he had thereby violated DR 1–102(A)(6), 6–101(A)(1), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3).

## Sanction

{¶ 14} In recommending a sanction for respondent's misconduct, the board considered the aggravating and mitigating factors to which the parties had stipulated. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Aggravating factors included the existence of a pattern of misconduct and multiple offenses. BCGD Proc.Reg. 10(B)(1)(c) and (d). Mitigating factors included the absence of any prior disciplinary record, the absence of a dishonest or selfish motive, a timely good-faith effort to make restitution or to rectify the consequences of the misconduct, full and free disclosure to the panel and a cooperative attitude during the proceedings, and support for respondent's good character and reputation from attorneys and others. BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e).

{¶ 15} The board also found that respondent had been professionally diagnosed as having been chemically dependent on alcohol, and his alcohol abuse had affected his behavior and contributed to his misconduct. That finding was supported by written statements from a licensed independent social worker and a psychologist who had counseled respondent. In light of their statements, as well as the testimony of attorney Scott R. Mote from the Ohio Lawyers Assistance Program ("OLAP") and the parties' stipulations, the board concluded that respondent had successfully completed an approved treatment program, had completed other interim rehabilitation, and is unlikely to engage in further misconduct. BCGD Proc.Reg. 10(B)(2)(g) and (h).

{¶ 16} The parties jointly suggested that respondent be suspended from the practice of law for one year, with the entire suspension stayed on conditions. The board accepted this recommendation.

{¶ 17} We agree that respondent violated all of the provisions cited in the board's report, and we also agree that a one-year stayed suspension from the practice of law is appropriate. Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of one year, with the entire

suspension stayed. Respondent is placed on a one-year probation pursuant to Gov.Bar R. V(9) with the following conditions: (1) a monitor should be appointed for respondent by relator, and respondent must fully comply with any terms imposed by the monitor during the one-year suspension period, (2) respondent must enter into a Lawyers Support System Recovery Contract with OLAP on terms and conditions set by OLAP, (3) respondent must continue to seek and adhere to professional medical and psychological advice and treatment during the suspension period, (4) respondent must immediately make full restitution to the Stephen P. Haban trust in the amount of $16,125, and (5) respondent must pay all costs associated with this case. If respondent violates any of these conditions, the stay will be lifted and respondent will serve the entire term of actual suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Bradley N. Frick, Bruce A. Campbell, and Jill M. Snitcher McQuain, for relator.

Kettlewell & Kettlewell, L.L.C., Charles J. Kettlewell, and Charles W. Kettlewell, for respondent.