## COLUMBUS BAR ASSOCIATION *v.* GARDNER.

### [Cite as *Columbus Bar Assn. v. Gardner,* 112 Ohio St.3d 540, 2007-Ohio-612.]

(No. 2006–1955—Submitted December 13, 2006—Decided February 28, 2007.)

**Per Curiam.**

{¶ 1} Respondent, William Allen Gardner of Columbus, Ohio, Attorney Registration No. 0000614, was admitted to the Ohio bar in 1979.

{¶ 2} On April 18, 2005, relator, Columbus Bar Association, filed a complaint charging respondent with professional misconduct.  Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in June 2006.  The panel then prepared written findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

### Misconduct

{¶ 3} In March 2003, Joel Hudson hired respondent and paid him $800 to draft a separation agreement and a shared-parenting plan for Hudson and his wife Suzanne.  Respondent prepared the documents, and the Hudsons signed them on March 24, 2003, but respondent failed to file them in court.  If respondent had promptly filed the documents, the Hudsons' case would have been scheduled for a court hearing in April 2003.

{¶ 4} In late June or early July 2003, Suzanne Hudson disappeared with the Hudsons' children. Respondent still had not filed the shared-parenting agreement or the separation agreement. Although custody and support were contested issues in the case, respondent failed to conduct any discovery and did not investigate Suzanne's income. In addition, although respondent sought a temporary restraining order on Joel Hudson's behalf, respondent neglected to file a request for a court hearing on the temporary order and failed to file the required affidavit in support of the motion. See Civ.R. 75(I)(2). A court magistrate, without conducting a hearing, later issued a temporary order awarding sole custody of the Hudsons' children to Suzanne and granting visitation rights to Joel on terms less favorable than those described in the shared-parenting agreement that respondent had failed to file.

{¶ 5} From 1983 through 2006, respondent did not maintain professional-liability insurance, and he failed to inform Joel Hudson about that fact.

{¶ 6} Respondent acknowledged and the board found that respondent's actions violated the following Disciplinary Rules: DR 1–102(A)(5) (prohibiting conduct prejudicial to the administration of justice), 1–102(A)(6) (prohibiting conduct that adversely reflects on an attorney's fitness to practice law), 1–104(A) (requiring an attorney to disclose to clients that he does not carry professional-liability insurance), 6–101(A)(3) (prohibiting an attorney from neglecting an entrusted legal matter), 7–101(A)(1) (barring an attorney from intentionally failing to seek the lawful objectives of a client), and 7–101(A)(3) (prohibiting an attorney from intentionally prejudicing or damaging a client).

## Sanction

{¶ 7} Relator recommended that respondent be suspended from the practice of law for one year, with ten months stayed. The panel recommended that respondent be suspended for one year, with all 12 months stayed. The board accepted the panel's recommendation. Respondent has filed no objections to the board's findings or its recommendation.

{¶ 8} We have reviewed the board's report and the record, and we find that respondent violated all of the provisions as described above. We also adopt the board's recommended sanction.

{¶ 9} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors in this case include respondent's multiple offenses and the harm suffered by his vulnerable client, Joel Hudson, who lost the advantages that would have

been secured had respondent filed the shared-parenting plan and the separation agreement. BCGD Proc.Reg. 10(B)(1)(d) and (h).

{¶ 10} Mitigating factors identified by the board in this case were respondent's lack of any prior disciplinary record, the absence of a dishonest or selfish motive, respondent's apparent payment of restitution to his client, and respondent's cooperation during the disciplinary proceedings, including his apology for his misconduct. BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d).

{¶ 11} After weighing the aggravating and mitigating factors in this case, we agree that a one-year suspension, stayed, is the appropriate sanction. Respondent's actions in this case affected just one client, and respondent has not committed any disciplinary violations in the past. According to the panel, he showed genuine remorse for his actions, and he stated at the disciplinary hearing that this kind of misconduct would never happen again.

{¶ 12} The sanction recommended by the board is consistent with our decisions in similar cases. See, e.g., *Columbus Bar Assn. v. Albrecht,* 106 Ohio St.3d 301, 2005-Ohio-4984, 834 N.E.2d 812 (one-year stayed suspension imposed on attorney with no prior disciplinary record who failed to complete work for clients, failed to file documents necessary to secure child support for a client, and failed to maintain professional-liability insurance); *Columbus Bar Assn. v. Micciulla,* 106 Ohio St.3d 19, 2005-Ohio-3470, 830 N.E.2d 332 (one-year stayed suspension imposed on attorney with no prior disciplinary record who neglected clients' legal matters and failed to maintain adequate professional-liability insurance); *Stark Cty. Bar Assn. v. Arkow,* 104 Ohio St.3d 265, 2004-Ohio-6512, 819 N.E.2d 284 (one-year stayed suspension imposed on attorney with no prior disciplinary record who neglected a client matter and delayed in filing an agreed child-support order).

{¶ 13} Accordingly, respondent is hereby suspended from the practice of law for one year, with the entire suspension stayed as long as respondent commits no further misconduct during that time. If respondent violates this condition, the stay will be lifted, and respondent will serve the entire term as a period of actual suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

CUPP, J., not participating.

———————

Bradley Frick & Associates and Bradley N. Frick; Roetzel & Andress and Judith D. Levine; and Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

William A. Gardner, pro se.