COLUMBUS BAR ASSOCIATION *v.* DICE.

[Cite as *Columbus Bar Assn. v. Dice*, 120 Ohio St.3d 455, 2008-Ohio-6787.]

*Attorneys at law — Misconduct — Conduct prejudicial to the administration of justice — Conduct adversely reflecting on the lawyer's fitness to practice law — Handling a legal matter without adequate preparation — Neglect of an entrusted legal matter — Failing to seek the lawful objectives of a client — Failure to cooperate in a disciplinary investigation — Partially stayed suspension.*

(No. 2008-1238 — Submitted August 26, 2008 — Decided December 30, 2008.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 07-004.

————————————

**Per Curiam**.

**{¶ 1}** Respondent, Daniel Sean Dice of New York, New York, Attorney Registration No. 0069476, was admitted to the practice of law in Ohio in 1998.

**{¶ 2}** The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for one year but stay the last six months on condition of no further misconduct, based on findings that he (1) delayed filing an appellate brief in an incarcerated client's case for seven months, (2) failed to appear for oral argument on behalf of another criminal defendant, and then (3) did not fully cooperate in the investigation of this misconduct. We agree that respondent committed professional misconduct as found by the board and that a one-year suspension with a six-month stay is appropriate.

**{¶ 3}** Relator, Columbus Bar Association, charged respondent in a two-count complaint with violations of the Code of Professional Responsibility and

Gov.Bar R. V(4)(G) (requiring lawyers to cooperate during a disciplinary investigation). Though respondent did not answer the complaint until relator moved for default, he afterward stipulated to the charged misconduct, and the parties jointly proposed as a sanction the one-year suspension and six-month stay. A panel of the board issued a report accepting the stipulations and the parties' proposed sanction, which the board adopted.

## Misconduct

### Count I

{¶ 4} Respondent was appointed in November 2004 to represent Larry Craft in a federal appeal of Craft's felony conviction. The Court of Appeals for the Sixth Circuit ordered respondent to file a brief in the appeal on February 22, 2005. Respondent did not file the brief and then caused unnecessary delay in his incarcerated client's case. Respondent obtained seven extensions, and it was not until August 22, 2005, that he finally filed a brief. He then missed the deadline for filing an appendix to his brief, never filing it at all.

{¶ 5} Craft frequently wrote to ask respondent about the case. Respondent seldom answered Craft's letters, failing to properly provide status reports. In early February 2006, after more than two years of respondent's dilatory practices, the appellate court had to appoint new counsel for Craft.

{¶ 6} Respondent also failed to appear in another client's criminal case that had been scheduled for oral argument before the Sixth Circuit.

{¶ 7} By his acts and omissions, respondent violated DR 1-102(A)(5) (prohibiting conduct that is prejudicial to the administration of justice), 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law), 6-101(A)(2) (prohibiting a lawyer from handling a legal matter without preparation adequate in the circumstances), 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7-101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of his client), and

7-101(A)(3) (prohibiting a lawyer from intentionally causing a client prejudice or damage during the course of the professional relationship).

*Count II*

**{¶ 8}** Craft filed a grievance against respondent in late January 2006. Between February and June 2006, relator sent three letters and left a voice mail asking for respondent's response to the grievance. Though respondent promised in various e-mails that his response was forthcoming, he did not provide any reply during the investigation process. Respondent thereby violated Gov.Bar R. V(4)(G) and DR 1-102(A)(6).

**Sanction**

**{¶ 9}** The sanction proposed by the parties is consistent with *Disciplinary Counsel v. Shramek,* 98 Ohio St.3d 441, 2003-Ohio-1636, 786 N.E.2d 869. There, a lawyer neglected a products-liability case by failing to timely file an expert's report for his client or ask for an extension. The lawyer also did not respond to a motion to strike the expert's testimony or supply evidentiary support in response to a motion for summary judgment. That lawyer also failed to cooperate fully in the investigation of this misconduct by failing to respond to letters of inquiry or appear in response to a subpoena for his deposition.

**{¶ 10}** Like respondent, the lawyer in *Shramek* violated duties to a client, DR 6-101(A)(3) and 7-101(A)(3), the public, DR 1-102(A)(5), the legal system, DR 1-102(A)(6), and the legal profession, Gov.Bar R. V(4)(G). Id., 98 Ohio St.3d 441, 2003-Ohio-1636, 786 N.E.2d 869, ¶ 9. We suspended the lawyer's license to practice for one year and stayed the last six months of the suspension on the condition that he commit no further misconduct, factoring into our decision mitigating factors of no prior record of discipline, no dishonest motive, and eventual cooperation in the disciplinary process. See BCGD Proc.Reg. 10(B)(2)(a), (b), and (d).

**{¶ 11}** These mitigating factors are also present in respondent's case. Moreover, the parties have agreed that respondent suffers from a mental disability that contributed to his ethical lapses and for which he has been successfully treated, a factor that is mitigating under BCGD Proc.Reg. 10(B)(2)(g). A one-year suspension with a conditional six-month stay is thus equally appropriate here.

**{¶ 12}** We note that since July 13, 2006, respondent has been on inactive status under Gov.Bar R. VI(2). Today, we suspend respondent from the practice of law in Ohio for one year; however, the last six months of the suspension period are stayed on the condition that he engage in no further acts of professional misconduct. If respondent violates the term of the stay, the stay will be lifted, and he will serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., and Pfeifer, Lundberg Stratton, O'Connor, Lanzinger, and Cupp, JJ., concur.

O'Donnell, J., would suspend the respondent for one year, with no time stayed.

_____

Bloomfield & Kempf and David S. Bloomfield; Robert W. Edmund; and Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Daniel Sean Dice, pro se.

_____