**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | Nos.  15-56089<br>15-56576 |
| Plaintiff-Appellee, | D.C. No.<br>8:13-cv-01267-JLS-JEM |
| v. | |
| HOWARD LAW, P.C.; THE WILLIAMSON LAW FIRM, LLC; WILLIAMSON & HOWARD, LLP; VINCENT D. HOWARD; LAWRENCE WILLIAMSON, | MEMORANDUM* |
| Appellants. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted October 5, 2016
Pasadena, California

Before:  REINHARDT, WARDLAW, and OWENS, Circuit Judges.

Howard Law, P.C., The Williamson Law Firm, LLC, Williamson &

Howard, LLP, Vincent D. Howard, and Lawrence Williamson (collectively

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"Attorneys") appeal the district court's "Clarification Order" of July 6, 2015, and its order holding them in contempt for violating the Permanent Injunction ("Contempt Order" of October 9, 2015). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

1.     The district court failed to adequately explain its reasons for binding the Attorneys to the June 18, 2015 injunction as non-parties under Federal Rule of Civil Procedure 65(d)(2). Thus, the Clarification Order does not afford us a "clear understanding of the basis of decision." *Lumbermen's Underwriting All. v. Can-Car, Inc.*, 645 F.2d 17, 18 (9th Cir. 1980) (per curiam) (quoting *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975)). An injunction binds a non-party only if it has actual notice, *United States v. Baker*, 641 F.2d 1311, 1313 (9th Cir. 1981), and either "abet[s] the [enjoined party]" in violating the injunction, *NLRB v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 633 (9th Cir. 1977), or is "legally identified" with the enjoined party, *id.* A finding of legal identity may be based on either the non-party's close affiliation with the enjoined party prior to the injunction, *see id.* at 633–34, or its status as a successor to the enjoined party after the injunction issued, *Golden State Bottling Co., Inc. v. NLRB*, 414 U.S. 168, 179–80 (1973). Federal Rule of Civil Procedure 65(d)(2) reflects these principles. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945).

2

The district court did not clearly explain which of these grounds supported its orders. The Clarification Order rested on the finding that the Attorneys were in "active concert or participation with" Morgan Drexen while it was illegally collecting advance fees from the "Affected Customers." At one point in the Contempt Order, the district court again recited this finding, which suggests that the Attorneys were legally identified, or acting in concert, with Morgan Drexen before the district court issued the Permanent Injunction. However, later in the Contempt Order, the district court stated that the Attorneys were bound because they "became a disguised continuance of Morgan Drexen," invoking a form of successor liability.

The problem with relying on a successor theory here, however, is that the Permanent Injunction did not expressly bind "successors." Moreover, the record in its current iteration does not support a finding that the Attorneys acquired Morgan Drexen's assets after the Permanent Injunction was entered, *see Golden State Bottling*, 414 U.S. at 179–80, and even if they did so, the Permanent Injunction failed to provide notice that "successors" would be bound. It could be, however, that the Attorneys and Morgan Drexen were so "identified . . . in interest" prior to the entry of the Permanent Injunction, or that the Attorneys were so subject to Morgan Drexen's control, as to warrant a finding of legal identity based on pre-

3

injunction conduct. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945). The district court's orders, read together, fail to clarify the exact basis for its determinations that the Attorneys were bound by the injunction. The murkiness of the district court's conclusion is exacerbated by the Consumer Financial Protection Bureau's (CFPB) briefing on appeal, where it appears to disavow the "active concert" theory, and argues for the successor theory only.[1] Accordingly, we must reverse and remand for "additional and more detailed findings and conclusions." *See FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004).

    **2.** Civil contempt actions are "in the nature of a trial," and thus come within the "preference for use of oral testimony in open court" embodied in Federal Rule of Civil Procedure 43(a). 8 James Wm. Moore, *Moore's Federal Practice* § 43.02 (3rd ed. 2012); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983). The contempt proceedings here require an evidentiary hearing to determine the factual basis for finding both that the Permanent Injunction bound the Attorneys, and that they violated its terms.

---

[1] The CFPB ambiguously writes, "To the extent that the district court meant to suggest that the Attorneys were bound by the Injunction solely because they had acted in concert with Morgan Drexen before entry of the Injunction, the court erred. Any such error, however, had no bearing on the ultimate finding that the Attorneys were in contempt of the Injunction—because that finding was expressly based on the Attorneys' actions after the Court issued its Injunction in taking over Morgan Drexen's business and becoming bound as a successor."

**REVERSED and REMANDED.**