Kennedy, J., dissenting.
{¶ 24} Because the record does not support the findings of the Board of Professional Conduct that respondent, Justin Fernandez, acted with a selfish motive and deserved no credit for his cooperation in the disciplinary process, I dissent from the majority's decision to adopt its recommendation that we indefinitely suspend him *383 from the practice of law. Rather, in my view, the one-year suspension recommended by relator, the Cincinnati Bar Association, is the appropriate sanction in this case.
{¶ 25} Fernandez contracted with a California company called Morgan Drexen, Inc., to provide him with outsourced paraprofessional, intake, accounting, and marketing and advertising services. Through this agreement, Morgan Drexen referred prospective clients in Ohio seeking debt relief to Fernandez, and these clients authorized direct deposits from their bank accounts to trust accounts opened and managed by Morgan Drexen. Fernandez might have represented as many as 500 clients at one time, and monthly withdrawals were collected by Morgan Drexen on Fernandez's behalf until the client had paid a sufficient amount to offer a settlement to the client's creditors. Morgan Drexen also paid fees to the paraprofessionals and to Fernandez once they were earned.
{¶ 26} The United States District Court for the Central District of California enjoined Morgan Drexen's business operations in April 2015 for charging an unlawful upfront fee for debt-relief services and engaging in deceptive advertising. Consumer Fin. Protection Bur. v. Morgan Drexen, Inc. , 101 F.Supp.3d 856, 860-861, 875 (C.D.Cal.2015). According to the court, Morgan Drexen began *74 contracting with attorneys in 2010 to bundle its services with bankruptcy services in order to continue collecting upfront fees; "Morgan Drexen received 85% to 95% of the fees paid by the customer, and the attorneys received 5% to 15%." Consumer Fin. Protection Bur. v. Morgan Drexen, Inc. , C.D.Cal. No. 8:13-cv 01267-JLS JEM, 2015 WL 12712302, *1 (July 6, 2015), rev'd on other grounds by Consumer Fin. Protection Bur. v. Howard Law, P.C. , 671 Fed.Appx. 954 (9th Cir.2016).
{¶ 27} Morgan Drexen filed for bankruptcy protection and went out of business the following June, transferring its business-support services to Howard Law, P.C. In July 2015, clients received letters on "Howard Law, P.C." letterhead informing them of Morgan Drexen's bankruptcy and advising that their lawyers were no longer affiliated with the company but would continue to represent them and hold their money in trust. Fernandez then apparently received support services from Howard Law.
{¶ 28} In September 2015, the Cincinnati Bar Association filed an amended complaint charging Fernandez with professional misconduct related to a client who had contacted Morgan Drexen to settle her debts, and on September 1, 2016, we issued a public reprimand based on his failure to have any direct communication with her during the four months that he represented her. Cincinnati Bar Assn. v. Fernandez , 147 Ohio St.3d 329, 2016-Ohio-5586, 65 N.E.3d 724, ¶ 1, 19.
{¶ 29} On October 4, 2016, the Cincinnati Bar Association filed a second complaint against Fernandez alleging similar misconduct involving three additional clients who had been referred to him by Morgan Drexen. Although he failed to respond to letters of inquiry from the relator, it is not disputed by the parties that he cooperated in the disciplinary process after the investigation stage. Fernandez stipulated to his misconduct, acknowledged his wrongdoing, and admitted that a suspension would be appropriate. In addition, the parties stipulated to aggravating factors (prior discipline, a pattern of misconduct, multiple offenses, and harm to the victims) and mitigating factors (absence of a dishonest or selfish motive and the lack of discipline *384 from Fernandez's licensure in 1994 to his public reprimand in 2016).
{¶ 30} The board found that relator had proved violations of the Rules of Professional Conduct and the aggravating factors by clear and convincing evidence, but it rejected the stipulation regarding mitigating factors and found three additional aggravating factors: (1) "[t]he victims of Respondent's misconduct were particularly vulnerable because Respondent deprived these clients of financial resources and neglected their needs at a time that they were in dire need of assistance and protection from creditors," (2) "Respondent utterly failed to respond or cooperate in any way with Relator's investigation of this matter," and (3) "Respondent acted with a selfish and dishonest motive." It also indicated that *75 Fernandez's conduct in taking fees for work that he failed to perform "is tantamount to theft."
{¶ 31} Based on its findings, the board recommends that we indefinitely suspend Fernandez from the practice of law in Ohio.
{¶ 32} There is no doubt that Fernandez fell well short of the professional standards demanded of all attorneys, and this case raises serious questions regarding whether his relationship with Morgan Drexen and its paralegals complied with Prof.Cond.R. 5.3 and 5.4 pertaining to an attorney's association with nonlawyers. Nonetheless, the record does not contain clear and convincing evidence that Fernandez acted with a selfish motive or failed to cooperate in the disciplinary process.
{¶ 33} First, with respect to two of the clients-Betty Smith Carpenter and Cleora Jean Smith-the evidence does not demonstrate that Fernandez collected a fee and then failed to perform the work he agreed to complete. The debt-relief services he supplied to his clients involved their making monthly payments to build up a sufficient reserve over a period of time to offer creditors a settlement. Clients reached out directly to Morgan Drexen, gave that company their financial information, and authorized it to withdraw money from their accounts, and the nature of the debt-relief services required a sufficient amount of money to be accumulated over a period of time before an offer could be made to settle the debt with the creditor. These cases could continue for more than five years before settlements could be completed. And although Fernandez received client funds into his trust account and did not issue a refund, the clients did not know what became of their money. For instance, Jack Smith averred that his mother had had $374 per month withdrawn from her account from July 2015 to February 2016, but he had "not been informed of where the money went, or who was paid, or if any settlements with creditors were reached." Similarly, Cleora Jean Smith stated in her affidavit that funds had been withdrawn from her account, but she did not assert that creditors had not been paid or that no work had been completed.
{¶ 34} And although attorney Richard A. Goulder's affidavit indicated that Fernandez had collected $900 to file a bankruptcy for two other clients, Eddie and Amie Foster, and that Fernandez had not refunded that fee, Fernandez testified that Morgan Drexen's paralegals had performed the intake for his bankruptcy cases and he had never spoken to the Fosters or advised them. Fernandez also testified that he did not believe that he owed any clients money, but he had not reviewed any banking records from his trust account to know where client funds had gone. It does not appear that there has ever been an accounting made, and at most, relator asserted that it was "not aware that any work was performed by Mr. Fernandez."
*76 *385 {¶ 35} The board relied on Disciplinary Counsel v. Horan , 123 Ohio St.3d 60, 2009-Ohio-4177, 914 N.E.2d 175, but that case is distinguishable. There, the attorney fraudulently altered fee applications to seek payment for court-appointed work that she had not performed. She also accepted fees from numerous clients but failed to appear at hearings or complete the work promised; the clients sought refunds but were unable to contact the attorney, who had signed some checks over to a relative. The attorney was also named a guardian ad litem in charge of a minor beneficiary's trust account, with the funds to be paid to the beneficiary on his 18th birthday, but after turning 18, the beneficiary was unable to locate the money. We disbarred the attorney for stealing from her clients.
{¶ 36} There is a distinction between an attorney's collecting fees with no intention of completing the work and no intention of giving a refund-which is tantamount to theft and evinces a selfish and dishonest motive-and an attorney who agrees to perform work but out of neglect fails to do so. For example, in Columbus Bar Assn. v. Albrecht , 106 Ohio St.3d 301, 2005-Ohio-4984, 834 N.E.2d 812, the attorney accepted retainers and then failed to complete work promised to three clients, but we nonetheless accepted the board's finding that the attorney lacked a dishonest or selfish motive. More recently, in Toledo Bar Assn. v. Crosser , 147 Ohio St.3d 499, 2016-Ohio-8257, 67 N.E.3d 789, the attorney accepted a retainer, failed to perform the work, lied to the client to cover up her neglect, and then failed to timely refund the fee, and we accepted the finding that she acted without a selfish motive.
{¶ 37} Accordingly, the board's analogy of Fernandez's case to one involving an attorney who misappropriated funds and who acted with a selfish motive is not well taken. The evidence shows that Fernandez relied on Morgan Drexen and its paralegals to help him manage his practice, that Morgan Drexen managed the fees paid by the clients it solicited, and that Morgan Drexen paid Fernandez when he earned his fees. However, since the board rejected the violation of having an improper relationship with nonlawyers, the remaining evidence indicates that Fernandez took on too many clients and neglected their cases. There is insufficient proof that he acted with a selfish motive, however.
{¶ 38} The board also justified its recommended sanction on its finding that Fernandez exhibited a "complete failure" to cooperate with the disciplinary investigation. Although Fernandez admitted failing to respond to any of relator's inquiries before it filed the complaint in this case, he admitted his misconduct and accepted responsibility for it during the course of these proceedings, communicating and cooperating with relator in proceedings before the board, stipulating to the admissibility and truth of the testimony in his victims' affidavits, and waiving his right to cross-examine them. Further, relator admits in its brief that Fernandez's cooperation aided the disciplinary process. This court has recognized *77 that an attorney's eventual cooperation in the disciplinary process is a basis to impose a lesser sanction. See, e.g., Disciplinary Counsel v. Davis, 121 Ohio St.3d 84, 2009-Ohio-500, 902 N.E.2d 25, ¶ 16 ; Columbus Bar Assn. v. Dice , 120 Ohio St.3d 455, 2008-Ohio-6787, 900 N.E.2d 189, ¶ 10-11 ; Disciplinary Counsel v. Boulger , 88 Ohio St.3d 325, 327, 725 N.E.2d 1112 (2000).
{¶ 39} Tellingly, in its independent review of Fernandez's objection to the board's recommendation, the majority does not marshal a single decision from this court supporting the imposition of an indefinite suspension in this case, and in my view, a lesser sanction is warranted.
*386 {¶ 40} This case is analogous to Cincinnati Bar Assn. v. Larson , 124 Ohio St.3d 249, 2009-Ohio-6766, 921 N.E.2d 618. There, the attorney failed to perform work promised to three clients, did not promptly refund unearned fees, and failed to respond to letters of inquiry involving the grievance. He demonstrated problems managing an expanding number of cases, and "his hearing testimony showed that he had made few concrete changes for the future. He repeatedly referred to a general ambition to limit the number of his cases, the counties in which he practiced, and the time he spent out of the office. But these goals remain largely aspirational." Id. at ¶ 40. But unlike Fernandez, the attorney had also engaged in a course of conduct to conceal his failure to competently pursue claims on the clients' behalf, and the presumptive sanction for this misconduct was a two-year license suspension; based on the circumstances, we imposed a two-year suspension with 12 months stayed on conditions. Id. at ¶ 19.
{¶ 41} In this case, Fernandez accepted more clients than he could competently represent, failed to monitor their cases and keep track of and account for client funds, and effectively allowed nonlawyers to run his practice. However, there is no proof that he misappropriated client funds, acted with a selfish or dishonest motive, or completely failed to cooperate in the disciplinary process.
{¶ 42} Accordingly, I would adopt the recommendation of relator in this case and impose a one-year license suspension with reinstatement subject to the conditions recommended by the board.
O'Donnell and DeWine, JJ., concur in the foregoing opinion.