CINCINNATI BAR ASSOCIATION *v.* HENNEKES.

[Cite as *Cincinnati Bar Assn. v. Hennekes,*
110 Ohio St.3d 108, 2006-Ohio-3669.]

(No. 2006–0394—Submitted April 25, 2006—Decided August 2, 2006.)

———————

**Per Curiam.**

{¶ 1} Respondent, Jason R. Hennekes of Cincinnati, Ohio, Attorney Registration No. 0075744, was admitted to the Ohio bar in 2002. On February 25, 2005, respondent was suspended from the practice of law pursuant to Gov.Bar R. V(5)(A) upon notice that he had been convicted of a felony. *In re Hennekes*, 105 Ohio St.3d 1446, 2005-Ohio-762, 823 N.E.2d 452.

{¶ 2} On April 18, 2005, relator, Cincinnati Bar Association, charged respondent with having violated DR 1–102(A)(3) (prohibiting a lawyer from engaging in

———————
1. Our holding renders moot appellee's motion to strike certain portions of appellant's merit brief.

illegal conduct involving moral turpitude). A panel of the Board of Commissioners on Grievances and Discipline heard the cause on January 12, 2006. Based on the evidence, including the parties' comprehensive stipulations, the panel made a finding of misconduct and a recommendation, which the board adopted.

## Misconduct

{¶ 3} On September 15, 2004, respondent pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, a violation of Section 846, Title 21, U.S. Code. He was sentenced to 366 days in a federal penitentiary and was incarcerated from February 7, 2005, until November 21, 2005, when he was discharged on parole and ordered to serve 30 days in a halfway house. As of the panel hearing, respondent was still on probation.

{¶ 4} Respondent's conviction resulted from his decision to help a very close friend, who was cooperating with law enforcement, and an acquaintance, who had supplied respondent's friend with several kilograms of cocaine. Respondent acted as a liaison between his friend and the acquaintance in an attempt to arrange an exchange of drugs and money without detection.

{¶ 5} Respondent admitted and the board found that he had thereby violated DR 1–102(A)(3).

## Recommended Sanction

{¶ 6} In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors of his case, including the circumstances underlying his conviction. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 7} In mitigation, the board found that although respondent was involved in a conspiracy to distribute cocaine, he was never in possession of the drugs, nor had he received proceeds from their sale. While acknowledging that he had no interest, financial or otherwise, in the drug deal, respondent could not explain why he gave his co-conspirators various suggestions as to how to transfer the cocaine without being caught. He told the panel that he could not even guess what he had been thinking when he decided to help his friend and the friend's supplier.

{¶ 8} Respondent's law partner, respondent's wife, and an attorney for the Hamilton County Public Defender's Office, whom respondent considered a mentor, testified that respondent's wrongdoing in this case was a unique departure from his usual competent representation and good character. The testimony also showed that respondent did not use narcotics and that he acknowledged and

deeply regretted his misconduct. Numerous letters of support from respondent's colleagues, friends, and family members expressed similar sentiments. Respondent also candidly admitted that his advice to his co-conspirators crossed the line between legal representation and illegal assistance. He convincingly conveyed his apology and embarrassment for having violated the law that he had sworn to uphold.

{¶ 9} The board credited respondent for his full and free disclosure during the disciplinary process and for his good character and reputation apart from the underlying events. BCGD Proc.Reg. 10(B)(2)(d) and (e). Also in mitigation, the board found that respondent had no prior record of professional discipline, that he had paid or was still paying the criminal penalty for his misconduct, that he did not use narcotics, and that he had no problems with other types of substance abuse. BCGD Proc.Reg. 10(B)(2)(a), (f), and (g). As the lone aggravating factor, the board found that respondent had acted with a dishonest motive. BCGD Proc.Reg. 10(B)(1)(b).

{¶ 10} The parties agreed on the appropriate sanction, urging that respondent serve a two-year suspension from the practice of law, with the suspension effective as of July 8, 2004, when respondent was arrested for his crime and voluntarily closed his practice.

{¶ 11} Adopting the panel's report, the board observed that lawyers have been permanently disbarred for committing violations of DR 1–102 that resulted in a felony conviction. See, e.g., *Disciplinary Counsel v. Gallagher* (1998), 82 Ohio St.3d 51, 693 N.E.2d 1078, and *Toledo Bar Assn. v. Neller*, 98 Ohio St.3d 314, 2003-Ohio-774, 784 N.E.2d 689. Based on the strength of respondent's mitigating evidence, however, the board found that a less severe sanction was warranted, see, e.g., *Disciplinary Counsel v. Gettys* (2000), 90 Ohio St.3d 250, 737 N.E.2d 29, and recommended the two-year suspension and that it be deemed effective July 8, 2004.

## Review

{¶ 12} We agree that respondent violated DR 1–102(A)(3), as found by the board. The recommended suspension, however, is not appropriate considering the seriousness of respondent's misconduct.

{¶ 13} "One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal profession—because obedience to the law exemplifies respect for the

law." *Cleveland Bar Assn. v. Stein* (1972), 29 Ohio St.2d 77, 81, 58 O.O.2d 151, 278 N.E.2d 670.

{¶ 14} We disbarred the lawyer in *Neller* for coaching clients, one of whom had been selling heroin, cocaine, and marijuana in an organized drug ring for years, in strategies to thwart the criminal-justice system. Respondent's improper advice was not nearly so widespread and destructive. As the board recognized in *Neller*, however, he also "'crosse[d] the line from advisor and counselor to participant in a criminal enterprise.'" *Toledo Bar Assn. v. Neller*, 98 Ohio St.3d 314, 2003-Ohio-774, 784 N.E.2d 689, at ¶ 7. This affront to the legal system and to the legal profession warrants a sanction that does more than permit the guilty lawyer to return to the practice of law at or about the time we pass judgment.

{¶ 15} We do not, therefore, accept the recommendation for a retroactive suspension. Respondent is instead suspended from the practice of law for two years as of the date of this order. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———

Ernest F. McAdams; and Dinsmore & Shohl and Joan M. Verchot, for relator.

Jack C. Rubenstein, for respondent.