DISCIPLINARY COUNSEL *v.* HORAN.

[Cite as *Disciplinary Counsel v. Horan,* 123 Ohio St.3d 60, 2009-Ohio-4177.]

*Attorneys — Misconduct — Default — Felony indictment — Deception — Multiple violations of the rules of the profession — Disbarment is the presumptive disciplinary measure for collecting fees without performing services.*

(No. 2009-0394 — Submitted April 8, 2009 — Decided August 26, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-052.

—————————

**Per Curiam.**

{¶ 1} Respondent, Karan Marie Horan of Middletown, Ohio, Attorney Registration No. 0040872, was admitted to the practice of law in Ohio in 1988. On December 4, 2007, we imposed an attorney-registration suspension on respondent's license to practice law. *In re Attorney Registration Suspension*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305. Respondent's whereabouts are unknown. The Board of Commissioners on Grievances and Discipline recommends that we permanently disbar respondent, based on findings that she has been indicted on several felony charges and that she accepted payment from clients and failed to take action on their behalf, failed to advise a client that she did not maintain malpractice insurance, converted funds of a minor that she held in her capacity as guardian ad litem, and failed to respond during the investigation of this misconduct. We accept the board's findings of professional misconduct and recommendation for permanent disbarment.

{¶ 2} Relator, Disciplinary Counsel, charged respondent in an eight-count complaint with multiple violations of the Rules of Professional Conduct, the

Code of Professional Responsibility (in effect until February 1, 2007), and Gov.Bar R. V(4)(G) (requiring an attorney's cooperation in a disciplinary investigation). A complaint was sent to the respondent's last known place of employment and last known residence, but according to the Butler County Sheriff's Office, respondent has left the country, has given no forwarding address, and has not returned. On September 22, 2008, service was made upon the clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B) (designating the clerk of the Supreme Court as agent for service when an attorney conceals his or her whereabouts). Relator subsequently filed a motion for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and recommended that respondent be permanently disbarred. The board concurred.

### Misconduct

#### Count I

{¶ 3} On November 21, 2007, respondent was indicted by a Butler County grand jury on 28 counts of tampering with records, one count of forgery, and one count of grand theft, all stemming from the following conduct. In response to an inquiry from another attorney, the Butler County Court of Common Pleas contacted the Butler County Sheriff's Office, which discovered that respondent had altered many fee applications to cover court-appointed work (worth several thousand dollars) by replacing other attorneys' names and addresses with the name "Jeff Stone," an attorney who once practiced law in Ohio, and including her home address. It was also discovered that respondent had altered fee applications for services she performed on behalf of indigent defendants. The original amounts that respondent had requested for her services had been reduced by the court because her applications had been filed late; however, respondent whited out the reduced compensation granted by the court and replaced these lower figures with the original amounts.

**{¶ 4}** The board found that by committing these acts, respondent violated Prof.Cond.R. 8.4(b) (prohibiting attorneys from committing illegal acts that reflect adversely on their honesty or trustworthiness), 8.4(c) (prohibiting attorneys from engaging in conduct that involves dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting attorneys from engaging in conduct that adversely reflects on their fitness to practice law).

*Count II*

**{¶ 5}** On March 14, 2007, respondent was hired by Judith Crocker to represent her in a divorce action. Respondent received $1,125 from her client and filed an initial complaint. But respondent did not appear at a scheduling conference on November 29, 2007, and the client has since been unable to contact respondent or obtain any refund. And rather than depositing the unearned funds into a lawyer's trust account, respondent signed the client's check over to a relative.

**{¶ 6}** The board found that respondent's failure to take action on her client's behalf, keep her reasonably informed, and respond to reasonable requests about her case were violations of Prof.Cond.R. 1.3 (requiring an attorney to act with reasonable diligence and promptness in representing a client), 1.4(a)(3) (requiring an attorney to keep clients reasonably informed about the status of their cases), and 1.4(a)(4) (requiring attorneys to comply as soon as practicable with reasonable requests for information from a client). The board also found that by failing to hold her client's money in a separate trust account, respondent violated Prof.Cond.R. 1.15(a) (requiring attorneys to maintain clients' funds in a client trust account). Additionally, the board found that respondent's conduct reflected negatively on her fitness to practice law, in violation of Prof.Cond.R. 8.4(h), and that her failure to respond to multiple inquiries from the board was equivalent to a failure to cooperate in the investigation, which constitutes a violation of Gov.Bar R. V(4)(G).

*Count III*

{¶ 7} On August 23, 2007, respondent was hired to represent Steven Swem in a felony criminal matter. Swem's mother, Mary Sheets, and her husband paid respondent a $10,000 retainer by cashier's check, which respondent signed over to a relative. Respondent failed to appear for a preliminary hearing, although another attorney appeared on her behalf. Swem's mother hired a new attorney to represent him and has not heard from respondent since before the first hearing. Nor has she received any refund of the fees paid.

{¶ 8} The board found respondent's conduct to be in violation of Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 1.15(a), 8.4(c), and 8.4(h), and Gov.Bar R. V(4)(G).

*Count IV*

{¶ 9} In August 2006, Kenneth Hollon, who had recently experienced a reduction in income, paid respondent $1,000 to assist him in reducing his child-support obligation. According to the client, respondent informed him that "she could not file the case immediately because the court was too busy to accept it" and that he "would have to wait." Respondent took no further action, ignored the client's repeated attempts to contact her, and did not refund any of the $1,000. Respondent never filed any motion to reduce her client's child-support obligation, and the Butler County Child Support Enforcement Agency later found him to be in default of the unreduced child-support order. The agency suspended his driver's license, and he accrued a child-support arrearage of approximately $4,000.

{¶ 10} The board found that respondent's conduct and failure to respond to inquiries violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 8.4(c), and 8.4(h), and Gov.Bar R. V(4)(G).

*Count V*

4

**{¶ 11}** In 2003, respondent was hired to represent Lynn Collins and her husband as plaintiffs in a defamation case. The couple paid respondent a total of $5,280. Respondent initially defended a civil protection order and wrote the opposing party a letter requesting that he refrain from making slanderous comments. Respondent then told her client that a lawsuit had been filed in the Preble County Court of Common Pleas but that the court was too busy to hear the case and suggested that it be transferred to Butler County. Respondent requested and received additional fees to transfer the case, yet took no action. Later it was discovered that no lawsuit had been filed in either Preble County or Butler County.

**{¶ 12}** The board found that respondent had violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 8.4(c), and 8.4(h), and Gov.Bar R. V(4)(G).

### Count VI

**{¶ 13}** On June 27, 2007, Christina Kennedy hired respondent to represent her in a custody matter. She paid respondent $3,000; however, respondent failed to appear at the custody hearing. The client attempted to contact respondent after the hearing, but learned that respondent had left the country. In addition, respondent failed to attend a hearing regarding a traffic matter for which the client had retained her.

**{¶ 14}** The board found that respondent had violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 8.4(c), and 8.4(h), and Gov.Bar R. V(4)(G).

### Count VII

**{¶ 15}** In 2003, Mona Hamilton sued respondent for legal malpractice stemming from a divorce proceeding she failed to handle properly. In 2006, a settlement of $500,000 was agreed to and reduced to judgment, but the sum remains uncollected, in part because respondent did not carry malpractice insurance. During the original divorce proceedings, respondent neglected to inform her client that she did not carry malpractice insurance.

**{¶ 16}** The board found this omission to be a violation of DR 1-104(A) (requiring an attorney to inform a client if the attorney does not maintain professional-liability insurance of at least $100,000 per occurrence and $300,000 in the aggregate).[1] Also, the board found a violation of Gov.Bar R. V(4)(G) based on respondent's failure to reply to relator's inquiries.

*Count VIII*

**{¶ 17}** In 1995, respondent was named guardian ad litem in charge of a minor beneficiary's trust account by the Butler County Court of Common Pleas. The funds were to be paid to the beneficiary on his 18th birthday. Since turning 18, the beneficiary has unsuccessfully attempted to contact respondent regarding his trust and has been unable to locate the money.

**{¶ 18}** The board found that respondent's actions constituted violations of DR 9-102(B)(3) (requiring the maintenance of complete records of all funds, securities, and other properties of a client in an attorney's possession) and 9-102(B)(4) (requiring prompt payment or delivery of a client's the funds, securities, or other properties in the possession of the lawyer), in addition to Gov.Bar R. V(4)(G).

**Sanction**

**{¶ 19}** Relator requests that respondent be permanently disbarred, and the master commissioner concurs. The board adopted the master commissioner's finding, and it recommends that we permanently disbar respondent from practicing law in Ohio. In determining the appropriate sanction, the board considers the aggravating and mitigating factors enumerated in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline Regulations ("BCGD Proc.Reg."). See *Columbus Bar Assn. v. Moushey*, 104 Ohio St.3d 427, 2004-

---

1. Conduct in Count VII occurred before February 1, 2007, and therefore is governed by the Code of Professional Responsibility.

Ohio-6897, 819 N.E.2d 1112, ¶ 12. The board takes into account many factors, including selfish motive, pattern of misconduct, number of offenses, lack of cooperation in the disciplinary process, failure to acknowledge wrongful conduct, the victims' vulnerability, the harm these victims suffered, and failure to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (c), (d), (e), (g), (h), and (i).

{¶ 20} Respondent took advantage of vulnerable clients, including a teenage beneficiary, for her own monetary gain. BCGD Proc.Reg. 10(B)(1)(h). Her actions represented a pattern of behavior. BCGD Proc.Reg. 10(B)(1)(c). Respondent's misconduct resulted in financial hardship for her clients, some of whom had to retain new counsel for services they had already paid respondent to perform. BCGD Proc.Reg. 10(B)(1)(h).

{¶ 21} Respondent also took advantage of Ohio's system of indigent representation, a system with limited resources, by falsifying documents in order to collect fees she did not earn. BCGD Proc.Reg. 10(B)(1)(b). She converted the funds of a minor for whom she served as guardian ad litem and thus abused her fiduciary position. Id. She has made no attempt to refund any of the fees she collected and has expressed no remorse for her behavior. BCGD Proc.Reg. 10(B)(1)(g) and (i). Furthermore, respondent has ignored all the board's attempts to contact her and has evidently fled the country to avoid criminal charges. BCGD Proc.Reg. 10(B)(1)(e). The board is not aware of mental illness, substance abuse, or any other mitigating factors. See BCGD Proc.Reg. 10(B)(2).

{¶ 22} "Taking retainers and failing to carry out contracts of employment is tantamount to theft of the fee from the client." *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 16. Permanent disbarment is the "presumptive disciplinary measure" for such misconduct. Id. Respondent repeatedly collected fees from clients without performing any of the services she agreed to perform. Moreover, she regularly misrepresented the status of her clients' cases and made no effort to refund any of the fees paid.

Respondent also deceived and exploited Butler County by falsifying documents to receive compensation she did not earn.

**{¶ 23}** The board recommends that respondent be permanently disbarred. "Disbarment is the only appropriate sanction" when an attorney commits "multiple acts of dishonesty" and "callous[ly] disregard[s]" his or her responsibility to "clients, the judicial system, and the legal profession." *Disciplinary Counsel v. Lentes*, 120 Ohio St.3d 431, 2008-Ohio-6355, 900 N.E.2d 167, ¶ 33. Therefore, we accept the board's recommendation. Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

_____