CINCINNATI BAR ASSOCIATION *v.* HENNEKES.

[Cite as *Cincinnati Bar Assn. v. Hennekes,* 135 Ohio St.3d 106,

2012-Ohio-5689.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including requiring a lawyer to provide competent representation to a client, prohibiting a lawyer from charging or collecting a clearly excessive fee, and requiring a lawyer to promptly deliver funds that the client is entitled to receive—Permanent disbarment.*

(No. 2012-0991—Submitted August 22, 2012—Decided December 6, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-014.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Jason Richard Hennekes of Cincinnati, Ohio, Attorney Registration No. 0075744, was admitted to the practice of law in Ohio in 2002. In August 2006, we suspended his license for two years after he was convicted of conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. 846. Hennekes was sentenced to 366 days in a federal penitentiary and served approximately ten months before his release to a halfway house. *Cincinnati Bar Assn. v. Hennekes*, 110 Ohio St.3d 108, 2006-Ohio-3669, 850 N.E.2d 1201. We reinstated Hennekes' license on September 17, 2008.

**{¶ 2}** Hennekes is currently under suspension for failure to register with the Office of Attorney Services. *In re Attorney Registration Suspension of Hennekes*, 130 Ohio St.3d 1441, 2011-Ohio-5890, 957 N.E.2d 302. He is also

currently under a continuing-legal-education suspension. *In re Continuing Legal Education Suspension*, 133 Ohio St.3d 1472, 2012-Ohio-5238, 978 N.E.2d 198.

**{¶ 3}** On November 14, 2011, relator, Cincinnati Bar Association, attempted to reach Hennekes regarding a grievance filed by Judge Robert Ruehlman by sending letters to Hennekes' last known home address and to his parents' address.

**{¶ 4}** On February 13, 2012, relator filed a complaint with the Board of Commissioners on Grievances and Discipline. Hennekes was served with the complaint and given notice that he was to respond within 20 days of February 16, 2012. Notice was served by certified mail delivered on February 14, 2012.

**{¶ 5}** On April 17, 2012, relator sent Hennekes a letter reminding him that he had not filed an answer to the complaint by the due date. Relator informed Hennekes that this was to be the final effort to contact him and that the board had instructed relator to file a default motion against him. Having received no response from Hennekes, relator moved for an entry of default.

**{¶ 6}** A master commissioner appointed by the Board of Commissioners on Grievances and Discipline prepared a report regarding relator's motion for default. The master commissioner found by clear and convincing evidence that Hennekes had committed several violations of the Rules of Professional Conduct. He found relator's recommended sanction of disbarment too severe and recommended that Hennekes be indefinitely suspended. The board adopted the master commissioner's findings of fact and conclusions of law but amended the sanction to recommend that Hennekes be permanently disbarred. We adopt the board's report and permanently disbar Hennekes.

### Misconduct

#### Count One—Gibson Grievance

**{¶ 7}** Hennekes agreed to represent Crystal Gibson in a criminal case on October 2, 2011, and she paid him $500 at that time. Hennekes assured Gibson

that he would appear on her behalf at the arraignment, scheduled for October 6, and that she would not need to attend, as he would file a written not-guilty plea.

{¶ 8} Hennekes failed to attend the hearing, and the court issued a warrant for Gibson's arrest.

{¶ 9} Gibson tried to contact Hennekes, but he did not respond for several days. When he did respond, Hennekes told Gibson that he could not find her records at the Hamilton County Clerk of Courts. Gibson stated that her records were available online by September 30, 2011, several days before the hearing.

{¶ 10} On October 11, 2011, Gibson sent Hennekes a letter by certified mail dismissing him from the case and requesting a refund of the $500 she had paid him, as well as an itemized bill for any portion Hennekes claimed to have earned. Hennekes did not reply.

{¶ 11} The master commissioner found by clear and convincing evidence that Hennekes' conduct with regard to Gibson violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.5 (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), and 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive and upon request by a client, to promptly render a full accounting of funds or property in which a client has an interest).

{¶ 12} The board agreed and adopted the master commissioner's findings of fact and conclusions of law with regard to the Gibson matter. We concur.

Count Two—Lacey Grievance

{¶ 13} On October 24, 2011, Hennekes was scheduled to represent Barton Lacey at his criminal trial before Hamilton County Common Pleas Judge Robert P. Ruehlman. Lacey was charged with three felonies. Hennekes failed to appear

for the trial. The transcript of proceedings shows that Lacey and the police witnesses were in attendance. Lacey was being held in jail, and his cases had been set numerous times, but Hennekes had not appeared. Lacey stated that he had paid Hennekes to represent him, but had had little contact with him since.

{¶ 14} Laura Noth, Judge Ruehlman's bailiff, called Hennekes on the telephone the morning of October 24 to remind him of the trial. Noth states that Hennekes responded "What?" and hung up the phone. Noth attempted to call him back six or seven times, but Hennekes allowed the calls to go to voicemail and did not call back.

{¶ 15} Judge Ruehlman also stated that he was aware of Hennekes' prior drug conviction and also that Hennekes had had "problems around the courthouse of not showing up." He speculated that Hennekes had a substance-abuse problem and that he might have relapsed. Judge Ruehlman stated that he would no longer permit Hennekes to practice in his courtroom and continued the trial to allow Lacey to get a new lawyer.

{¶ 16} The master commissioner found by clear and convincing evidence that Hennekes' conduct with regard to Lacey violated Prof.Cond.R. 1.1, 1.3, 1.5, and 3.5(a)(6) (prohibiting a lawyer from engaging in undignified or discourteous conduct that is degrading to a tribunal).

{¶ 17} The board agreed and adopted the master commissioner's findings of fact and conclusions of law with regard to the Lacey matter. We concur.

### Sanction

{¶ 18} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination on sanctions, we also weigh evidence of the aggravating and

mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 19} In Hennekes' previous disciplinary matter, *Cincinnati Bar Assn. v. Hennekes*, 110 Ohio St.3d 108, 2006-Ohio-3669, 850 N.E.2d 1201, we suspended him from the practice of law for two years after he was convicted in federal court of conspiracy to distribute and possession with intent to distribute cocaine. *Id.* at ¶ 3. In that case we found that in the past, attorneys have been disbarred for similar conduct. *Id.* at ¶ 14. However, we declined to disbar Hennekes and instead imposed a two-year suspension. Mitigating factors in that case were that Hennekes had paid or was paying the criminal penalty and did not use narcotics or have other substance-abuse problems. *Id.* at ¶ 9. At that time, Hennekes had no prior discipline, had a good reputation, had cooperated with the investigation, and did not benefit financially from the conspiracy. *Id.*

{¶ 20} In contrast, here the record does not contain evidence of any mitigating factors. Aggravating factors, however, include at least four of the nine factors set forth in BCGD Proc.Reg. 10(B). Specifically, Hennekes has a prior disciplinary offense, has committed multiple offenses, did not cooperate in the disciplinary process, and has failed to make restitution. *See* BCGD Proc.Reg. 10(B)(a), (d), (e), and (i).

{¶ 21} Relator recommended that Hennekes be permanently disbarred from the practice of law in Ohio. The master commissioner noted that we have frequently held that the presumptive sanction for neglect of legal matters is indefinite suspension, citing *Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645. The master commissioner also pointed out that we have found that taking retainers and failing to perform services is tantamount to theft of the fee from the client and therefore the presumptive sanction is permanent disbarment. *Disciplinary Counsel v. Horan*, 123 Ohio St.3d 60, 2009-Ohio-4177, 914 N.E.2d 175. Although he noted the

seriousness of Hennekes' misconduct, the master commissioner found permanent disbarment too severe a sanction and recommended that Hennekes be indefinitely suspended.

{¶ 22} The board adopted the master commissioner's findings of fact and conclusions of law, but amended the sanction to recommend that Hennekes be permanently disbarred.

{¶ 23} We agree with the board.  Disbarment is the appropriate sanction for Hennekes' misconduct because he not only had a previous serious disciplinary offense—for which he could have been disbarred at that time—but he also took his clients' money, failed to render any services to clients, failed to return the clients' money, and failed to cooperate in the disciplinary investigation.  *See Columbus Bar Assn. v. Moushey,* 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112.

{¶ 24} Accordingly, Jason Richard Hennekes is disbarred in Ohio.  He is further ordered to make restitution of $500 to Crystal Gibson within 30 days of the date of the order in this case and to make restitution to the Client Security Fund within 90 days of any award by that fund for any amount applied for and paid to Barton Lacey with regard to Hennekes' representation of Lacey.  Costs are taxed to Hennekes.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Ernest F. McAdams Jr.;  and Edwin Patterson III, for relator.

_____