Stephen P. Deffet, pro se.

COLUMBUS BAR ASSOCIATION *v.* DIALBERT.

[Cite as *Columbus Bar Assn. v. DiAlbert,*
98 Ohio St.3d 386, 2003-Ohio-1091.]

(No. 2002–2151—Submitted January 8, 2003—Decided March 26, 2003.)

**Per Curiam.**

{¶ 1}  On June 17, 2002, relator, Columbus Bar Association, charged respondent, John Eugene DiAlbert of Westerville, Ohio, Attorney Registration No. 0030101, with violations of the Code of Professional Responsibility.  A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement.  See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline.  The panel made the following findings.

{¶ 2}  Respondent represented a client who asked him to file a motion to secure the client's judicial release from incarceration.  Respondent's client became eligible for judicial release in late September 2000, and by that time, respondent had been paid and had promised to file the motion at the earliest opportunity.  However, respondent did not file the motion for judicial release until November 15, 2000, and on several occasions before that, he had given his client fictitious anticipated release dates.

{¶ 3}  Respondent filed the motion for judicial release after confessing to his client that he had not done so before.  The motion was denied on December 12,

2000. Respondent filed a second motion for his client's release on December 18, 2000. The trial court granted that motion in February 2001.

{¶ 4} The parties agreed and the panel found that respondent's conduct violated DR 1–102(A)(4) (engaging in conduct involving misrepresentation) and (6) (engaging in conduct adversely reflecting on the attorney's fitness to practice law), 6–101(A)(3) (neglect of an entrusted legal matter), and 7–101(A)(3) (intentional prejudice or damage to client during representation). The parties also agreed and the panel found that by initially failing to cooperate with relator's investigation, respondent violated DR 1–102(A)(6) and Gov.Bar R. V(4)(G).

{¶ 5} In recommending a sanction, the panel reviewed the aggravating and mitigating circumstances stipulated to by the parties. The panel considered respondent's lack of cooperation in the disciplinary process, the vulnerability of his client, and the harm caused to his client as aggravating circumstances. As mitigating factors, the panel considered that respondent had no prior disciplinary record, had not acted out of selfish motive, and had otherwise been a reputable practitioner. Moreover, respondent conceded that some of his misconduct may have been the product of a psychological impairment for which he should seek a professional diagnosis and treatment.

{¶ 6} The panel recommended the sanction suggested by the parties—a six-month suspension from the practice of law, with the entire six months stayed, provided that respondent comply with four conditions: (1) refrain from any further misconduct, (2) timely pay the costs of the disciplinary proceeding, (3) seek professional psychological counseling and report regularly to relator about his progress, and (4) participate, if his client requests, in relator's binding fee-arbitration program. The board adopted the panel's findings of misconduct and recommendation.

{¶ 7} We agree that respondent violated DR 1–102(A)(4) and (6), 6–101(A)(3), and 7–101(A)(3) and Gov.Bar R. V(4)(G) as found by the board. We also agree that a six-month suspension, stayed on conditions, is appropriate. Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, but this sanction is stayed on the conditions recommended by the board. If respondent fails to meet these conditions, the stay of his suspension shall be lifted and respondent shall serve six months of actual suspension from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

Resnick, F.E. Sweeney, Pfeifer, Cook, Lundberg Stratton and O'Connor, JJ., concur.

Moyer, C.J., dissents.

MOYER, C.J., dissenting.

{¶ 8} DiAlbert admits that he told his client that he would file a motion for judicial release on his client's behalf at the earliest opportunity. The client became eligible for judicial release in late September 2000 and DiAlbert neglected to file the motion until November 15, 2000. DiAlbert also misled his client during this period by making false and deceptive statements regarding a potential release date.

{¶ 9} In addition, from August 2001 to June 2002, DiAlbert failed to cooperate with relator's investigation regarding his conduct.

{¶ 10} For these reasons, I would suspend respondent from the practice of law for six months and would not stay any part of the suspension.

---

Strip, Fargo, Hoppers & Leithart Co., L.P.A., and John W. Hoppers; Bruce A. Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel, for relator.

John Eugene DiAlbert, pro se.