COLUMBUS BAR ASSOCIATION *v.* DIALBERT.

[Cite as *Columbus Bar Assn. v. DiAlbert,*
120 Ohio St.3d 37, 2008-Ohio-5218.]

(No. 2008–0822—Submitted June 24, 2008—Decided October 14, 2008.)

**Per Curiam.**

{¶ 1} Respondent, John Eugene DiAlbert of Westerville, Ohio, Attorney Registration No. 0030101, was admitted to the practice of law in Ohio in 1985. On March 26, 2003, we suspended respondent's license to practice for six months, staying the suspension on remedial conditions, because he misled a client about having filed a motion for the client's judicial release from prison. See *Columbus Bar Assn. v. DiAlbert,* 98 Ohio St.3d 386, 2003-Ohio-1091, 785 N.E.2d 747. Since May 24, 2007, respondent's license has been suspended for his failure to comply with continuing legal education ("CLE") requirements. See *In re Report of Comm. on Continuing Legal Edn.,* 113 Ohio St.3d 1522, 2007-Ohio-2487, 866 N.E.2d 1095.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we now suspend respondent's license to practice for two years, conditionally staying the last 18 months, based on findings that respondent failed to file a client's personal-injury claim as promised, then avoided her, and finally lost her case to the statute of limitations. We agree that respondent violated the Code of

Professional Responsibility as found by the board and that the recommended sanction is appropriate.

{¶ 3} Relator, Columbus Bar Association, charged respondent with seven Disciplinary Rule violations in a single count of misconduct. A panel of the board heard the case, including the parties' comprehensive stipulations, found all the charged misconduct, and recommended the two-year suspension with 18 months stayed. The board adopted the panel's findings of misconduct and recommendation.

## Misconduct

{¶ 4} Before his CLE suspension, respondent had been a sole practitioner for 17 years, handling small personal-injury cases and some domestic-relations, traffic, and criminal cases. Mary Cabeen hired respondent in April 2004 to pursue a personal injury action, five months after she sustained an injury while shopping. She signed respondent's fee agreement and then rejected a $350 settlement offer from the store's insurance carrier on his advice.

{¶ 5} After accepting Cabeen's case, respondent ignored her repeated attempts to contact him. Respondent never filed a complaint in Cabeen's case and allowed the statute of limitations on her claim to expire. Respondent also never advised Cabeen that he did not carry liability insurance, and he never returned her case file.

{¶ 6} Based on the stipulations and other evidence, we find that respondent violated DR 1–102(A)(6) (prohibiting conduct that adversely reflects on fitness to practice law), 1–104(A) and (C) (requiring a lawyer to inform clients that the lawyer does not carry malpractice insurance), 6–101(A)(1) (requiring a lawyer to represent clients competently), 6–101(A)(2) (prohibiting a lawyer from handling a legal matter without adequate preparation), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(1) (prohibiting a lawyer from intentionally failing to seek a client's lawful objectives), and 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract for professional services).

## Sanction

{¶ 7} The parties jointly proposed the two-year suspension and an 18–month stay on the conditions that respondent (1) remain in compliance with the three-year Ohio Lawyers Assistance Program ("OLAP") recovery contract entered into on August 10, 2007, (2) upon applying for reinstatement, prove through a medical professional, approved by both parties, that he can competently and ethically practice law, and (3) upon reinstatement, serve a two-year monitored probation in accordance with Gov.Bar R. V(9). The panel added to the sanction the require-

ment that respondent make restitution to Mary Cabeen in the amount of $350. No objection has been raised to this addition.

{¶ 8} In proposing this sanction, the parties factored in the mitigating and aggravating factors to which they also stipulated. See Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Aggravating factors included respondent's prior disciplinary offenses, the vulnerability of and resulting harm to his unsophisticated client, and his failure to make restitution. See BCGD Proc.Reg. 10(B)(1)(a), (h), and (i). Mitigating factors included respondent's lack of a dishonest or selfish motive, his cooperative attitude toward and free disclosure to the board, and a diagnosed mental disability that contributed to cause his misconduct. BCGD Proc.Reg. 10(B)(2)(b), (d), and (g).

{¶ 9} Respondent attributed his inattention to Cabeen's interests to depression, emanating from his wife's request for a divorce in 2004. He conceded that his distress over the situation eventually made him stop taking care of his business and his clients. Stephanie Krznarich, OLAP's clinical director, confirmed this depression through a report of respondent's treating psychologist, John A. Tarpey, Ph.D.

{¶ 10} Dr. Tarpey described respondent as suffering from dysthymic disorder, or low-level depression, a condition that he had been treating through weekly to biweekly therapy sessions. Dr. Tarpey concluded that respondent's depression "directly related to poor decision making associated with his professional problems." Dr. Tarpey was optimistic that with continued treatment, respondent could resume responsible professional practice.

{¶ 11} A two-year suspension with a partial stay on rigorous conditions for treatment of a mitigating mental disability is an appropriate sanction for a lawyer who has repeatedly allowed a client's case to languish, especially when cases are lost to the statute of limitations. See *Disciplinary Counsel v. Jaffe*, 102 Ohio St.3d 273, 2004-Ohio-2685, 809 N.E.2d 1122.

{¶ 12} We accept the parties', panel's, and board's recommendation. We therefore suspend respondent from the practice of law in Ohio for two years. The last 18 months of respondent's suspension are to be stayed on the conditions that (1) he stay in compliance with the three-year OLAP recovery contract entered into on August 10, 2007; (2) he pay restitution to Mary Cabeen in the amount of $350 within 30 days of this order; (3) upon applying for reinstatement, he prove through a medical professional, approved by both parties, that he can competently and ethically practice law; and (4) upon reinstatement, he serve a two-year monitored probation, in accordance with Gov.Bar R. V(9). If respon-

dent fails to comply with the conditions for the stay or his probation, the stay will be lifted, and he will serve the entire two-year suspension.

{¶ 13} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Bruce A. Campbell, Bar Counsel; A. Alysha Clous, Assistant Bar Counsel; and Vorys, Sater, Seymour & Pease, L.L.P., and Lisa Pierce Reisz, for relator.

John Eugene DiAlbert, pro se.