CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* JOHNSON.

[Cite as *Cleveland Metro. Bar Assn. v. Johnson*,

**127 Ohio St.3d 97, 2010-Ohio-4832.]**

*Attorney misconduct, including neglecting entrusted legal matters — One-year suspension with six months stayed on conditions.*

(No. 2010-0693 — Submitted July 6, 2010 — Decided October 7, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-039.

_____

**Per Curiam**.

{¶ 1} Respondent, Rita R. Johnson of University Heights, Ohio, Attorney Registration No. 0065959, was admitted to the practice of law in Ohio in 1996. In June 2009, relator, Cleveland Metropolitan Bar Association, filed a complaint charging respondent with violations of the Code of Professional Responsibility and the Ohio Rules of Professional Conduct[1] alleging that she had neglected legal matters entrusted to her, failed to provide competent representation, disobeyed an obligation under the rules of a tribunal, and failed to take reasonable steps to protect a client's interest upon the termination of her representation. The board recommends that we suspend respondent for one year, with six months stayed on the condition that she enter into a three-year contract with the Ohio Lawyers Assistance Program ("OLAP") and be in compliance with that contract before seeking reinstatement to the practice of law. Respondent

_____

1. Relator charged respondent with misconduct pursuant to applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which superseded the Code of Professional Responsibility.

objects to the board's recommendation, arguing that the board did not consider certain mitigating evidence and that it relied upon cases that are distinguishable from her own to determine the appropriate sanction.

{¶ 2} For the reasons that follow, we overrule respondent's objections and adopt the board's findings of fact and conclusions of law and accept its recommendation that we impose a one-year suspension with six months stayed. As conditions of the stay, however, respondent shall (1) commit no further misconduct, (2) submit to a mental-health evaluation conducted by OLAP, *and if OLAP determines that treatment is necessary*, (3) enter into an OLAP contract for a duration to be determined by OLAP, and (4) comply with all OLAP treatment recommendations.

**Misconduct**

{¶ 3} Relator's complaint alleges that respondent neglected two unrelated legal matters that had been entrusted to her. The parties have stipulated that in the first matter, a man hired respondent to defend himself, his wife, and his company in a civil action in federal district court and to file a counterclaim. Respondent did not appear at the initial case-management conference or at the depositions of nonparty witnesses. She also failed to take any depositions and to meet several discovery-related deadlines. After the court denied her motion to withdraw as counsel, respondent failed to respond to a motion to dismiss the counterclaim and a motion for default judgment. The court granted the motions, and when respondent failed to notify her clients of or appear at a damages hearing, it entered a default judgment of $331,279.80 against all three of her clients.

{¶ 4} The second matter involved a client who, in 2005, hired respondent to represent her on a contingency basis in an action against the city of Cleveland. Respondent filed a complaint on the client's behalf in the Cuyahoga County Common Pleas Court, but failed to timely respond to either discovery requests or

the city's motion to dismiss the complaint. The trial court granted the unopposed motion to dismiss, without prejudice, citing respondent's failure to timely prosecute the case. After respondent refiled the complaint, the city removed the case to federal district court. That court then granted respondent's motion to withdraw as counsel and dismissed the case without prejudice, "with the proviso that Plaintiff [could] re-instate [the] action on or before March 21, 2008." Respondent did not inform her client of the deadline for refiling the case, which was not refiled before the deadline.

{¶ 5} The parties stipulated, the board found, and we agree, that clear and convincing evidence demonstrates that respondent's conduct with respect to the first matter violated DR 6-101(A)(3) (prohibiting neglect of an entrusted legal matter) and Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), 1.16(c) (prohibiting a lawyer from withdrawing from representation in a proceeding without leave of court if the rules of the tribunal so require), and 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal) and that her conduct with respect to the second matter violated Prof.Cond.R. 1.3 and 1.16(d) (requiring a lawyer withdrawing from representation to take reasonably practicable steps to protect a client's interest).

### Sanction

{¶ 6} In recommending a sanction, the panel and board considered the ethical duties that respondent had violated, the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), and the sanctions imposed in similar cases. See, e.g., *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16; *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 7}** The parties stipulated and the panel and board found that respondent was the subject of a prior disciplinary proceeding.[2]  See BCGD Proc.Reg. 10(B)(1)(a).  The panel and board also found that, although not charged as an offense in the complaint, respondent's admitted failure to notify her clients that she did not maintain malpractice insurance was an aggravating factor weighing in favor of a greater sanction.

**{¶ 8}**  In mitigation, the panel and board found that respondent did not act with a selfish motive, cooperated in the disciplinary proceedings, admitted and apologized for her ethical lapses, and expressed remorse for the consequences to her clients.  See BCGD Proc.Reg. 10(B)(2)(b) and (d).  They declined, however, to consider as a mitigating factor the stress that respondent had suffered as a result of family and financial matters at the time of her misconduct, reasoning that respondent had presented no affidavits, no reports from a psychologist, psychiatrist, therapist, or counselor, and no medical records to substantiate that she suffered from a mental disability, as required by BCGD Proc.Reg. 10(B)(2)(g).  Although noting that respondent had not practiced law since her appointment as the clerk of court for the Garfield Heights Municipal Court in November 2007, the board does not appear to have assigned any mitigating value to this fact.

**{¶ 9}**  Referring to the actual suspensions we have imposed for similar conduct in *Columbus Bar Assn. v. Dice*, 120 Ohio St.3d 455, 2008-Ohio-6787, 900 N.E.2d 189, and *Columbus Bar Assn. v. DiAlbert*, 120 Ohio St.3d 37, 2008-

---

2. In *Cuyahoga Cty. Bar Assn. v. Johnson*, 123 Ohio St.3d 65, 2009-Ohio-4178, 914 N.E.2d 180, respondent received a public reprimand for violating DR 1-102(A)(5) (prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice), 6-101(A)(2) (prohibiting a lawyer from handling a legal matter without preparation adequate under the circumstances), 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7-101(A)(1) (prohibiting a lawyer from intentionally failing to seek a client's lawful objectives), 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment), and 1-104(A) and (B) (requiring a lawyer to advise clients if the lawyer does not carry malpractice insurance in the specified amount and to obtain the clients' written acknowledgement of that warning).

Ohio-5218, 896 N.E.2d 137, the panel rejected the parties' stipulated sanction of a one-year suspension with the entire period stayed on conditions. Instead the panel recommended that respondent be suspended for one year with six months stayed on the conditions that she enter into an OLAP contract to learn to manage her stress and personal problems, be in compliance with that contract before her reinstatement, and serve two years of monitored probation in accordance with Gov.Bar R. V(9). The board agrees with the panel's recommendation of a one-year suspension with six months stayed on conditions, but specifies that respondent should enter into a three-year OLAP contract, eliminating the requirement for monitored probation.

### Objections

{¶ 10} Respondent objects to the recommended sanction, challenging the board's failure to consider her testimony regarding her stress and her voluntary withdrawal from the practice of law as factors in mitigation, and contending that the cases cited by the board in support of the recommended sanction are distinguishable from the facts herein.[3]

{¶ 11} Respondent testified that at the time of her misconduct, she had significant stress in her life due to her role as a single parent to a four-year-old child and a newly adopted infant. Because she did not work for the first six or seven weeks following the adoption, financial hardships led to the repossession of her car. She also claimed that she now sees a therapist regularly and takes medication to help her handle the stress in her life.

{¶ 12} Respondent, however, fails to cite any decisions in which we have considered generalized stress to be a significant mitigating factor in the absence of (1) a diagnosis of a mental disability by a qualified health-care professional, (2) a

---

3. Respondent did not appear for the scheduled oral argument on July 6, 2010. Although she did file a motion to continue or waive oral argument that day, the court did not receive it until after argument was completed in her absence. Accordingly, we excuse respondent's failure to appear and deem respondent to have waived oral argument.

determination that the mental disability contributed to cause the misconduct, (3) a sustained period of successful treatment, and (4) a prognosis from a qualified health-care professional that the attorney will be able to return to the competent, ethical, and professional practice of law. See BCGD Proc.Reg. 10(B)(2)(g).

{¶ 13} We recently considered and rejected a similar argument in *Disciplinary Counsel v. Robinson*, 126 Ohio St.3d 371, 2010-Ohio-3829, 933 N.E.2d 1095, in which Robinson claimed that *Cincinnati Bar Assn. v. Fidler* (1998), 83 Ohio St.3d 396, 397, 700 N.E.2d 323, and *Disciplinary Counsel v. Spencer* (1994), 71 Ohio St.3d 316, 317, 643 N.E.2d 1086, permitted generalized stress to be considered as a mitigating factor. Id. at ¶ 38.

{¶ 14} In *Robinson*, we noted that it was not clear in *Fidler* whether the court had considered Fidler's stress to be a significant mitigating factor. And we observed that in *Spencer*, the "respondent's stress was due, at least in part, to familial circumstances that were beyond his control," while Robinson's stress was the direct result of his own conscious choices—first to seek public office, and then to commit various acts of misconduct when his employer objected to that decision. *Robinson* at ¶ 38.

{¶ 15} Moreover, we now observe that in *Fidler* and *Spencer*, we adopted the findings of the board, which had adopted the findings of the panel, which had actually received the evidence of stress and found it to be credible. *Fidler* at 323-324; *Spencer* at 317. "We will defer to a panel's credibility determination in our independent review of discipline cases unless the record weighs heavily against those determinations." *Disciplinary Counsel v. Heiland*, 116 Ohio St.3d 521, 2008-Ohio-91, 880 N.E.2d 467, ¶ 39, citing *Cincinnati Bar Assn. v. Statzer*, 101 Ohio St.3d 14, 2003-Ohio-6649, 800 N.E.2d 1117, ¶ 8. Here, in contrast, the panel rejected respondent's testimony regarding stress as a factor in mitigation and the record does not weigh heavily against the panel's credibility determination.

**{¶ 16}** The standards set forth in BCGD Proc.Reg. 10(B)(2)(g) create an objective standard to ensure that there is some objective evidence of a mental disability that rises above the stresses of ordinary life that every attorney faces at some point during his or her career. While respondent may have a qualifying mental disability, she has failed to carry her burden of proving it. As the dissent observed in respondent's prior disciplinary case, "The fact that respondent had a busy professional workload and various issues in her personal life during this same time is entitled to *miniscule weight* in mitigation, and it does not excuse her failure to provide professional services." (Emphasis added.) *Johnson*, 123 Ohio St.3d 65, 2009-Ohio-4178, 914 N.E.2d 180, at ¶ 17 (Moyer, C.J., dissenting).

**{¶ 17}** Respondent's argument that her decision to find employment that does not involve the practice of law should carry greater weight in mitigation is likewise without merit. The fact that respondent stopped practicing law so that she would stop causing harm to clients appears to be a prudent decision, but her inadequate communication with her clients and lack of attention to detail as she departed from the practice served to exacerbate the harm to one of her clients, who did not receive timely notice of the deadline to refile her case.

**{¶ 18}** Any mitigating value that respondent's voluntary withdrawal from the practice of law may have had is outweighed by the aggravating factors found by the board. Moreover, in addition to the aggravating factors found by the board, we note that the respondent's misconduct spans more than one year and involves multiple instances of neglect in two separate client matters. Therefore, we consider respondent's pattern of misconduct involving multiple offenses as factors in aggravation. BCGD Proc.Reg. 10(B)(1)(c) and (d).

**{¶ 19}** In her final argument, respondent attempts to distinguish her case from the cases that the board cited in support of its recommended sanction. In *Columbus Bar Assn. v. Dice*, 120 Ohio St.3d 455, 2008-Ohio-6787, 900 N.E.2d 189, we imposed a one-year suspension with a conditional six-month stay on an

attorney who delayed filing an appellate brief for one client and failed to appear for oral argument on behalf of another client and then initially failed to cooperate in the resulting disciplinary investigation.

{¶ 20} Respondent contends that her case differs because she has fully cooperated in the disciplinary investigation, while Dice did not. Although respondent is correct that Dice did not initially cooperate in the investigation and was consequently found to have violated DR 1-102(A)(6) and Gov.Bar R. V(4)(G), in mitigation we found that he had no prior record of discipline (unlike respondent in this case), had no dishonest motive, eventually cooperated in the disciplinary process, and suffered from a diagnosed mental disability that had contributed to the misconduct. See BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (g). Dice at ¶ 8, 10-11.

{¶ 21} Respondent also attempts to distinguish her case from *Columbus Bar Assn. v. DiAlbert*, 120 Ohio St.3d 37, 2008-Ohio-5218, 896 N.E.2d 137. In that case, we imposed a two-year suspension with 18 months stayed on conditions on an attorney who allowed the statute of limitations on a client's claim to expire without filing a complaint, ignored the client's repeated efforts to contact him, and failed to advise the client that he did not carry professional-liability insurance. Respondent contends that DiAlbert's prior misconduct was more serious than her own because he had received a six-month stayed suspension, see *Columbus Bar Assn. v. DiAlbert*, 98 Ohio St.3d 386, 2003-Ohio-1091, 785 N.E.2d 747, while she received only a public reprimand. We note, however, that DiAlbert also presented evidence of a mitigating mental disability pursuant to BCGD Proc.Reg. 10(B)(2)(g) and received a two-year suspension with 18 months stayed, while the board recommends only a one-year suspension with six months stayed for respondent's comparable misconduct. Thus, the board's recommendation has already taken these differences into account.

**Conclusion**

**{¶ 22}** Based upon the foregoing, we overrule respondent's objections and adopt the board's findings of fact and misconduct. The record demonstrates by clear and convincing evidence that respondent's neglect of one client matter by failing to participate in the discovery process and by failing to respond to a motion for default judgment resulted in a judgment in excess of $330,000 against her clients. Her failure to timely prosecute a second client matter resulted in the dismissal without prejudice of that client's complaint. Her subsequent withdrawal as counsel in that case also resulted in a dismissal without prejudice, and her failure to timely notify the client of the deadline to refile the complaint in effect barred the client from refiling the action. Having examined this conduct, weighed the aggravating and mitigating factors, and reviewed the sanctions imposed for comparable conduct, we agree that a one-year suspension with six months stayed on conditions is the appropriate sanction for respondent's misconduct.

**{¶ 23}** Accordingly, Rita R. Johnson is suspended from the practice of law in the state of Ohio for one year with six months stayed on the conditions that she (1) commit no further misconduct and (2) submit to a mental-health evaluation conducted by OLAP, *and if OLAP determines that treatment is necessary* (3) enter into an OLAP contract, the duration of which shall be determined by OLAP, and (4) comply with all of OLAP's treatment recommendations. If respondent fails to comply with the conditions of the stay, the stay will be lifted, and she will serve the entire one-year suspension.

**{¶ 24}** Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Willacy, LoPresti & Marcovy, Timothy A. Marcovy, and Thomas P. Marotta, for relator.

Rita R. Johnson, pro se.

_____