TOLEDO BAR ASSOCIATION *v*. FARAH.

[Cite as *Toledo Bar Assn. v. Farah,* 136 Ohio St.3d 295, 2013-Ohio-3680.]

*Attorneys—Misconduct—Neglecting an entrusted legal matter—Failing to cooperate in a disciplinary investigation—Indefinite suspension.*

(No. 2012-2119—Submitted February 27, 2013—Decided August 28, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-2119.

_____

**Per Curiam**.

{¶ 1} Respondent, Asad Sadallah Farah, Attorney Registration No. 0066174, whose last known address was in Temperance, Michigan, was admitted to the practice of law in Ohio in 1996.

{¶ 2} On May 20, 2010, we suspended Farah from the practice of law in Ohio for one year, but stayed the entire suspension on the conditions that he submit to a mental-health evaluation conducted by the Ohio Lawyers Assistance Program ("OLAP"), comply with all of OLAP's treatment recommendations, and submit to one year of monitored probation pursuant to Gov.Bar R. V(9). *Toledo Bar Assn. v. Farah*, 125 Ohio St.3d 455, 2010-Ohio-2116, 928 N.E.2d 1097. On November 1, 2011, we suspended respondent from the practice of law for his failure to register as an attorney for the 2011-2013 biennium. *In re Attorney Registration Suspension of Farah*, 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310. And on March 8, 2013, in response to a certified report from the Board of Commissioners on Grievances and Discipline, we revoked Farah's probation, lifted the stay, and ordered him to serve the entire one-year suspension originally imposed in May 2010. *Toledo Bar Assn. v. Farah*, 134 Ohio St.3d 1479, 2013-Ohio-798, 984 N.E.2d 24.

**{¶ 3}** In a two-count complaint certified to the board on June 11, 2012, relator, Toledo Bar Association, charged Farah with neglect of a client's legal matter and failure to cooperate in the resulting disciplinary investigation.

**{¶ 4}** Attempts to serve the complaint on Farah by certified mail were not successful. Therefore, on July 9, 2012, the board served the complaint on the clerk of the Supreme Court in accordance with Gov.Bar R. V(11)(B). Farah failed to answer or otherwise respond to the complaint. Relator moved for default on August 31, 2012.[1]

**{¶ 5}** A master commissioner appointed by the board found, by clear and convincing evidence, that Farah had committed the charged misconduct and recommended that he be indefinitely suspended from the practice of law in Ohio and that this suspension run consecutively to the one-year suspension we previously had imposed on Farah. The board adopted the master commissioner's findings of fact, conclusions of law, and recommended sanction. We adopt the board's report and indefinitely suspend Farah from the practice of law in Ohio and order that this suspension run consecutively to the one-year suspension imposed in our March 8, 2013 order.

## Misconduct

**{¶ 6}** The evidence submitted with relator's motion for default shows that Karen Lynn Nelson retained Farah in the fall of 2010 and paid him $1,500 to assist her in reinstating her visitation rights with her granddaughter. Farah filed a show-cause motion to have Nelson's visitation reinstated, and he attended a pretrial hearing on her behalf. On June 16, 2011, the scheduled date for the trial, the parties appeared and advised the court that they had reached a settlement. The parties read the settlement agreement into the record and the court instructed

---

1. Because the formal complaint in this matter was certified to the board before August 1, 2012, the provisions of former Gov.Bar R. V(6) apply to this proceeding. *See* Gov.Bar R. XX(2)(LLLL).

Farah to submit a consent judgment entry by July 15, 2011. Farah failed to file the judgment entry, and on September 22, 2011, the court dismissed the matter.

{¶ 7} Nelson avers that Farah never contacted her after the June 16, 2011 trial date and that she was unable to reach him by phone, text, and personal appearance at his office. As a result of Farah's failure to submit the judgment entry to the court, Nelson had to retain new counsel and start the process anew.

{¶ 8} Nelson filed a grievance with relator on November 3, 2011. Relator sent letters of inquiry to Farah at the address he registered with this court and another address discovered by relator, but those letters were returned by the postal service as undeliverable. Relator made several additional attempts to notify Farah of the grievance and the proposed complaint to be filed with the board, all of which failed. On May 11, 2012, relator sent Farah a copy of the cover letter and complaint it had sent to the board.

{¶ 9} When the board's efforts to serve Farah by certified mail also failed, it obtained service on the clerk of this court. Farah has failed to answer the complaint or otherwise appear in this proceeding.

{¶ 10} The master commissioner and board found that Farah's conduct violated Prof.Cond. R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

{¶ 11} We adopt the board's findings of fact and misconduct.

**Sanction**

{¶ 12} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 13} The master commissioner and board found that two aggravating factors are present: Farah's prior disciplinary offense and his failure to cooperate in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(a) and (e). The record does not contain any evidence of mitigating factors.

{¶ 14} In the motion for default judgment, relator observed that an attorney's neglect of entrusted legal matters combined with the failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law. *See, e.g., Akron Bar Assn. v. Snyder*, 87 Ohio St.3d 211, 718 N.E.2d 1271 (1999), and *Disciplinary Counsel v. Boykin,* 82 Ohio St.3d 100, 694 N.E.2d 899 (1998). The master commissioner and board adopted relator's recommendation. Having considered Farah's conduct, the aggravating factors present, and our precedent, we agree that an indefinite suspension is the appropriate sanction in this case.

{¶ 15} Accordingly, Asad Sadallah Farah is indefinitely suspended from the practice of law in Ohio. This suspension shall run consecutively to the one-year suspension imposed by this court in *Toledo Bar Assn. v. Farah*, 134 Ohio St.3d 1479, 2013-Ohio-798, 984 N.E.2d 24. Costs are taxed to Farah.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Marshall & Melhorn, L.L.C., and John Borrell Jr.; Reminger & Co., L.P.A., and Laurie J. Avery; and Michael A. Bonfiglio, Bar Counsel, for relator.

_____