[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Selby,* Slip Opinion No. 2019-Ohio-1894.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1894

DISCIPLINARY COUNSEL *v*. SELBY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Selby,* Slip Opinion No. 2019-Ohio-1894.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Conditionally stayed one-year suspension.*

(No. 2018-1754—Submitted January 9, 2019—Decided May 22, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-037.

_____

**Per Curiam.**

{¶ 1} Respondent, Joan Patricia Selby, of Canton, Ohio, Attorney Registration No. 0024557, was admitted to the practice of law in Ohio in 1978.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on June 27, 2018, relator, disciplinary counsel, charged Selby with professional misconduct arising from her neglect of a legal matter and her failure to reasonably

communicate with her clients in that matter. A panel of the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} The parties stipulated that in March 2016, Brian and Deidre Deckman met with Selby to determine how they could ensure that their son, Michael, could remain in their home in the event that they needed to be placed in a nursing home. Selby suggested that she prepare a quitclaim deed to grant a life estate to Michael and indicated that this would allow Michael to stay in the home for his lifetime.

{¶ 4} Selby drafted a quitclaim deed containing a life-estate provision and sent it to the Deckmans, but the deed incorrectly identified Michael as the homeowner and the Deckmans as the recipients of the life estate. Selby corrected the errors and on March 25, 2016, the Deckmans signed the deed. They paid Selby $178 to prepare and record the deed. Thereafter, the Deckmans attempted to contact Selby on multiple occasion to confirm that she had recorded the deed. On the two occasions that Brian Deckman reached Selby by phone, she told him that she would record the deed—but she never did.

{¶ 5} In April 2017, the Deckmans filed a grievance against Selby. Relator sent Selby a letter of inquiry by certified mail to both her business and home addresses, but the letters were returned marked unclaimed. On July 10, 2017, relator's investigator attempted to hand-deliver a letter of inquiry to Selby at her home and business addresses. The investigator also called Selby and left a message, but Selby did not return the call. Unable to locate Selby, the investigator taped the letter in a sealed envelope to the front door of her residence.

{¶ 6} On August 23, 2017, relator's investigator hand-delivered a subpoena to Selby that ordered her to appear for a September 12, 2017 deposition. Several days later, Selby prepared a written response to the Deckmans' grievance. In her response, Selby stated that the Deckmans had paid her just $150, stated that she was willing to refund that payment, and offered to record the quitclaim deed or

2

return it to the Deckmans. After receiving that written response, relator canceled Selby's deposition.

{¶ 7} In response to relator's request for additional information, the Deckmans stated that they still wanted Selby to record the deed. On October 25, 2017, relator sent Selby a letter that conveyed the Deckmans' wishes and instructed Selby not to record the deed until she provided relator the legal basis and rationale of her decision to draft a quitclaim deed for the Deckmans. Selby, however, failed to respond to relator's letter. In late November, relator's investigator hand-delivered a copy of the October 25 letter, and Selby submitted a written response approximately two weeks later.

{¶ 8} On December 22, 2017, relator sent Selby a letter by e-mail, fax, and regular mail directing her to record the Deckmans' deed before January 5, 2018, or propose an alternative recording date by December 27, 2017. On December 27, 2017, relator left a voicemail message for Selby asking her to confirm receipt of the letter and the deadline for recording the deed. The next day, relator left another message and sent Selby an e-mail reiterating the deadline.

{¶ 9} On January 2, 2018, Selby sent an e-mail to relator stating that she had been out of the office since Christmas and that she would record the deed that week. But Selby did not record the deed as promised and failed to respond to any of relator's additional communications until sometime after the board certified the complaint on June 27, 2018. She refunded the Deckmans' $178 payment on October 17, 2018.

{¶ 10} The parties stipulated and the board found that the conduct set forth above violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 8.1(b) (prohibiting a lawyer from failing to disclose a material fact in response to a demand for information from a disciplinary authority) and Gov.Bar R. V(9)(G) (prohibiting a lawyer from neglecting or

refusing to assist in a disciplinary investigation). Relator agreed to dismiss one additional alleged rule violation.

{¶ 11} The parties stipulated that just one aggravating factor is present—Selby committed multiple offenses, *see* Gov.Bar R. V(13)(B)(4). As mitigating factors, the parties stipulated to the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, evidence of Selby's good character or reputation, and her cooperation with the disciplinary process after the complaint was certified. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5).

{¶ 12} The board recommends that we accept the parties' consent-to-discipline agreement and suspend Selby from the practice of law for one year, with the entire suspension stayed on the conditions that she participate in a one-year mentoring program with a mentor approved by relator, submit to an evaluation by the Ohio Lawyers' Assistance Program ("OLAP") and comply with any recommendations resulting from that evaluation, and refrain from further misconduct. Of the cases the parties cited to support that recommended sanction, the board found *Toledo Bar Assn. v. Farah*, 125 Ohio St.3d 455, 2010-Ohio-2116, 928 N.E.2d 1097, to be most relevant. Farah neglected a client's legal matter and failed to cooperate in the initial disciplinary investigation. Like Selby, however, Farah cooperated fully in the proceedings before the board, had no prior discipline, and did not act with a selfish or dishonest motive. We imposed a one-year suspension for Farah's misconduct but stayed the entire suspension on the conditions that he submit to a mental-health evaluation conducted by OLAP, comply with all OLAP treatment recommendations, and serve a one-year period of monitored probation.

{¶ 13} Based on the foregoing, we agree that Selby's conduct violated Prof.Cond.R. 1.3 and 8.1(b) and Gov.Bar R. V(9)(G) and that a one-year suspension, stayed on the recommended conditions, is the appropriate sanction for that misconduct. We therefore accept the parties' consent-to-discipline agreement.

{¶ 14} Accordingly, Joan Patricia Selby is suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that she participate in a one-year mentoring program with a mentor approved by relator, submit to an evaluation by OLAP and comply with any recommendations resulting from that evaluation, and refrain from further misconduct. If Selby fails to comply with a condition of the stay, the stay will be lifted and she will serve the full one-year suspension. Costs are taxed to Selby.

Judgment accordingly.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., dissents and would remand the cause to the Board of Professional Conduct.

_____

Scott J. Drexel, Disciplinary Counsel, and Lia J. Meehan, Assistant Disciplinary Counsel, for relator.

Buckingham, Doolittle & Burroughs, L.L.C., and Peter T. Cahoon, for respondent.

_____